## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| L.C., a minor child, by and through her father MASSIMILIANO CALI, | ) ) ) ) | CIVIL ACTION |
| MASSIMILIANO CALI, Plaintiffs, v. | ) ) ) ) ) | No. 1:26-cv-00688 |
| DONALD J. TRUMP, et al., Defendants. | ) ) ) | DATE: March 12, 2026 |

**LAWYERS FOR THE RULE OF LAW, INC.**

**By:**
**Nancy Hollander**
**Bar ID: TX0061**
**Board Member- Lawyers for the Rule of Law, Inc.**
**5 Columbus Circle   Suite 1501**
**New York New York 10019**
**917-806-0700**
**nh@fbdlaw.com**

**Counsel for Amici Curiae**

### UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF LAWYERS FOR THE RULE OF LAW, INC. AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS' COMPLAINT AND MOTION FOR A PRELIMINARY INJUNCTION

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................................... ii

    CASES…………………………………………………………………………………..ii

    CODES, RULES, AND REGULATIONS ....................................................................... ii

INTRODUCTION ...................................................................................................................... 1

    AMICI CURIAE ................................................................................................................ 1

    AMICI HAVE AN INTEREST IN THE CASE AND WILL AID THE COURT ............. 2

CONCLUSION ........................................................................................................................... 4

    CERTIFICATE PURSUANT TO LOCAL RULE 7(o) ..................................................... 5

    CERTIFICATE OF SERVICE ........................................................................................... 5

i

# TABLE OF AUTHORITIES

## *Cases*

*Wilmer Cutler Pickering Hale & Dore v. Executive Office of the President*, *1:25-cv-00917-RJL*......................................................................................................................2

*Ryan v. CFTC*, *125 F.3d 1062, 1064 (7th Cir. 1997)* ........................................................ 2

*Voices for Choices v. Ill. Bell Tel. Co.*, *339 F.3d 542, 545 (7th Cir. 2003)* .................................. 2

*Commonwealth of the Northern Mariana Islands v. United States,* *No. 08-1572 (PLF), 2009 WL 596986, at \*1 2009 U.S. Dist. LEXIS 125427, at \*1 (D.D.C. Mar. 6, 2009)*............................. 2

*District of Columbia v. Potomac Elec. Power Co.*, *826 F. Supp. 2d 227, 237 (D.D.C. 2011)*......... 2

*Jin v. Ministry of State Sec'y*, *557 F. Supp. 2d 131, 137 (D.D.C. 2008)*........................................... 2

*Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, *519 F. Supp. 2d 89, 93 (D.D.C. 2007)*.................................................................................................................. 2

*Neonatology Associates, P.A. v. C.I.R.,* *293 F.3d 128, 133 (3d Cir. 2002)* .................................. 2

*Police Dept. of Chicago v. Mosley*, *408 U.S. 92, 95 (1972).* ............................................. 4

*Barr v. Am. Ass'n of Political Consultants*, *591 U.S. 610, 618 (2020)*............................................ 4

## CODES, RULES, AND REGULATIONS

United States District Court for the District of Columbia Local Rule 7(o)..............................1

Fed. R. App. P. 29..............................................................................................2

## INTRODUCTION

## AMICI CURIAE

Amici curiae ("Amici") is Lawyers for the Rule of Law, Inc., a nationwide not-for-profit corporation comprised of hundreds of lawyers including retired judges and former Assistant United States Attorneys who have an interest, individually and on behalf of the clients they are representing and will represent, in assuring that the rights guaranteed by our Constitution are supported by our government and our courts. In this particular case, we will be addressing the obvious First Amendment issues raised by Executive Order 14203, the subsequent Specially Designated National (SDN) designation of Francesca Albanese allegedly issued pursuant to the International Emergency Economic Powers Act ("IEEPA"), and the impact of that baseless designation on her family. Amici respectfully requests leave pursuant to United States District Court for the District of Columbia Local Rule 7(o) to file a brief in support of Plaintiff's Complaint and Prayers for Relief (Dkt. Entry 1) and Plaintiffs' Motion for Preliminary Injunction Judgment (Dkt. Entry 3). Amici's proposed brief will assist the Court in understanding the unconstitutional nature and entirely *ultra vires* nature of President Trump's Executive Order 14203 (the Order) and its illegal application against Francesca Albanese. We will explain why this court should find, as it has in its application of the law and Constitutional considerations to similarly unconstitutional presidential edicts, that:

> **[The executive order] must be struck down in its entirety as unconstitutional. Indeed, to rule otherwise would be unfaithful to the judgment and vision of the Founding Fathers!**

*Wilmer Cutler Pickering Hale & Dore v. Executive Office of the President,* 784 F. Supp. 3d 127, 135 (D.D.C. 2025) (Dkt. Entry 110)

1

As required by Local Rule 7(o), Amici have conferred with the parties to obtain their position regarding the filing of this brief. Both Plaintiffs' and Defendants' consent to the filing of the proposed brief of Amici Curiae. A proposed order granting the Motion is attached hereto.

**AMICI HAVE AN INTEREST IN THE CASE AND WILL AID THE COURT**

Courts have "broad discretion" in deciding whether to grant a third party leave to file an amicus brief. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). An amicus brief is appropriate where "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Sec'y*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1064 (7th Cir. 1997)). This Court has permitted third parties to participate as amici curiae when they have "relevant expertise and a stated concern for the issues at stake in [the] case[.]" *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011); *see also, e.g.*, *Commonwealth of the Northern Mariana Islands v. United States*, No. 08-1572 (PLF), 2009 WL 596986, at *1 2009 U.S. Dist. LEXIS 125427, at *1 (D.D.C. Mar. 6, 2009) (noting that the "filing of an amicus brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs" (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *cf. Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.) (observing that courts are "well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly

2

interpreted"); Fed. R. App. P. 29 (a proposed amicus must state "the movant's interest" and the "reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case").

Amici here have an interest in this case: They have served in a variety of positions within the government as prosecutors and judges, and as advocates on behalf of their clients in every level of this country's judicial system. All have addressed issues related to the constitutionality of the government's conduct and many related to issues of national security upon which the Executive Order baldly relies as a purported basis for the sanctions it leveled against Ms. Albanese and therefore against her husband and child. As former judges, prosecutors and counsel to litigants who regularly dealt, deal and will deal with issues related to national security and First Amendment issues, Amici have an interest on behalf of their current and future clients, and in their own individual capacities, in preventing the specious use of "national security" in the Executive Order as a sword to render meaningless the protection and promise of the First Amendment to the Constitution of the United States. While Amici recognize the necessity of the judiciary's traditional deference to the executive on matters of national security and foreign affairs— that deference necessarily relies on the executive's *valid* invocation of circumstances that can *reasonably be presumed genuinely to implicate national security*. Here, they clearly do not. Here, the punishment meted out to Ms. Albanese is pure retribution.

Amici's brief will help the Court by offering a narrowly focused perspective different from that set forth in Plaintiff's complaint and motion. Specifically, Amici explain the application of prior court decisions related to similar *ultra vires* Executive Orders which also implicate and desecrate the First Amendment rights enjoyed by all present in the United States which

requires that:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; *or abridging the freedom of speech*, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances. (emphasis added). [1]

## CONCLUSION

Amici respectfully request that the Court grant leave to file their Amicus Brief in support of Plaintiff's Complaint and Motion for a Preliminary Injunction.

Respectfully submitted,

Dated: March 12, 2026
New York, NY

/s/ Nancy Hollander
Nancy Hollander
Bar ID: TX0061)
5 Columbus Circle   Suite 1501
New York New York 10019
917-806-0700
nh@fbdlaw.com

---

[1] The First Amendment has consistently been held by the Supreme Court to refer, not just to Congress, but to the "Government, generally."  In 2020, Justices Kavanaugh, Alito, Roberts and Thomas held that: Above "all else, the First Amendment means that government" generally "has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Police Dept. of Chicago* v. *Mosley*, 408 U.S. 92, 95, 92 S. Ct. 2286, 33 L. Ed. 2d 212 (1972). *Barr v. Am. Ass'n of Political Consultants*, 591 U.S. 610, 618, 140 S. Ct. 2335, 2346 (2020)

## CERTIFICATE PURSUANT TO LOCAL RULE 7(o)

Pursuant to Rule 7(o) of the Rules of the District Court of the District of Columbia, an opportunity to object to the filing of a proposed Amici Curiae brief has been provided and received by all counsel appearing in this case. Counsel for both parties have consented to the filing of the proposed Amicis Curiae Brief.

/s/ Nancy Hollander
Nancy Hollander

## CERTIFICATE OF SERVICE

I certify that on March 13, 2026 a true and correct copy of Unopposed Motion for Leave to File Brief of Lawyers for the Rule of Law, Inc., as *Amici Curiae* in Support of Plaintiff's Complaint and Motion for Preliminary Injunction, the Proposed Brief and a Proposed Order were properly served on counsel of record via electronic filing in accordance with the USDC, District of Columbia Procedures for Electronic Filing.

*/s/ Nancy Hollander*
Nancey Hollander

5