**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| L.C., a minor child, by and through her father MASSIMILIANO CALI, *Plaintiffs* | CASE NO: 1:26-cv-00688-RJL |
| v. | **NOTICE OF <u>UNOPPOSED</u> MOTION AND MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* JVP ACTION (D.B.A. JVP) IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| DONALD J. TRUMP, President of the United States 1600 Pennsylvania Avenue NW Washington, DC 20500, | |
| PAMELA BONDI, United States Attorney General, 950 Pennsylvania Avenue NW Washington, DC 20530, | |
| SCOTT BESSENT, Secretary of the Treasury, 1500 Pennsylvania Avenue NW Washington, DC 20220, and | |
| MARCO RUBIO, Secretary of State, 2201 C Street NW Washington, DC 20451, *Defendants.* | |

Pursuant to Local Rule 7(o), JVP Action (d.b.a. JVP) respectfully moves for leave to file an *amicus curiae* brief in support of Plaintiffs' Motion for Preliminary Injunction. A copy of JVP's proposed *amicus curiae* brief is attached as Exhibit 1 to this motion. JVP provided all parties with notice about its intention to file this motion for leave and proposed *amicus curiae* brief, and all parties consent to JVP's filing this motion and brief.

Per Federal Rule of Appellate Procedure 29, district courts have inherent authority to and should accept an *amicus'* appearance where the *amicus* has adequate interest in the case, and its brief is both desirable and relevant to its disposition. Fed R. App. P. 29(a)(3); *Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008). This Court has accepted *amicus* briefs where a party is not represented, they have an interest in the case that may be affected by the case's disposition, or they have unique information and perspective to help the court beyond what the parties may provide. *Jin*, 557 F. Supp. 2d at 137. *See also Hard Drive Productions, Inc. v. Does 1-1*, 495, 892 F. Supp. 2d 334, 338 (D.D.C. 2012) (accepting an *amicus* brief as helpful where it raises an issue not fully developed in the motions); *United States v. Sutton*, 2023 WL 3478484, at *2 (D.D.C. 2023) (affirming granting *amicus* leave to file where *amicus'* interests may be implicated by the court's ruling in the case).

JVP Action (d.b.a. JVP) is one of the largest progressive Jewish organizations in the world, with over 100 local groups led by volunteers, with over 720,000 supporters and members online, and over 2 million social media followers. JVP is a U.S. based, grassroots membership organization mobilizing Jewish communities to fight for a just society in Palestine/Israel rooted in human rights rather than oppression, equality rather than supremacy, dignity rather than domination, democracy rather than dispossession, a society where every life is precious. JVP's proposed brief is necessary, relevant and important in this case because, historically, JVP has worked with the U.N. Special Rapporteur on the Occupied Palestinian Territories, including Francesca Albanese when she served in that role. The United States's sanction on Ms. Albanese has significantly stifled JVP's work, speech and association. JVP has an interest in the outcome of this case because of the case's immediate, far-reaching impact on JVP's work and its

thousands of members, as described in the concurrently filed declaration of Stefanie Fox. JVP's unique perspective is based on significant and specific experiences and harms, the evaluation of which is necessary to the Court's disposition of Plaintiffs' pending motion and goes beyond what Plaintiffs can provide or explain. JVP has already been harmed by the sanction imposed on Ms. Albanese and will continue to be harmed while the sanction is in place, particularly if the Court denies Plaintiffs' motion.

For the foregoing reasons, JVP respectfully requests that the Court grant this motion for leave to file the proposed *amicus curiae* brief attached as Exhibit 1.

Dated: March 13, 2026                    Respectfully submitted,

*/s/ Bina Ahmad*
Bina Ahmad
Dan Stormer
Hanna Chandoo
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Ave.
Pasadena, CA 91103
626.585.9600
bahmad@hadsellstormer.com
dstormer@hadsellstormer.com
hchandoo@hadsellstormer.com

Attorneys for *Amicus Curiae*
JVP Action (d.b.a. JVP)

Ex. 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L.C., a minor child, by and through her father MASSIMILIANO CALI, <br><br> *Plaintiffs* <br><br> v. <br><br><br> DONALD J. TRUMP, <br> President of the United States <br> 1600 Pennsylvania Avenue NW <br> Washington, DC 20500, <br><br> PAMELA BONDI, <br> United States Attorney General, <br> 950 Pennsylvania Avenue NW <br> Washington, DC 20530, <br><br> SCOTT BESSENT, <br> Secretary of the Treasury, <br> 1500 Pennsylvania Avenue NW <br> Washington, DC 20220, and <br><br> MARCO RUBIO, <br> Secretary of State, <br> 2201 C Street NW <br> Washington, DC 20451, <br><br> *Defendants.* | CASE NO: 1:26-cv-00688-RJL <br><br> **BRIEF OF *AMICUS CURIAE* JVP ACTION (D.B.A JVP) IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

JVP Action (d.b.a. JVP) ("JVP") appears in this case as *amicus curiae* in support of Plaintiffs' Motion for Preliminary Injunction. Doc. 3-1. JVP is one of the largest progressive Jewish organizations in the world. Made up of 720,000 members and supporters with chapters in nearly every state, JVP represents an important, sizeable and vocal minority Jewish viewpoint. *See* Declaration by Stefanie Fox, Executive Director of JVP Action (d.b.a. JVP) ¶ 3 ("Fox Decl.").

Historically, JVP has worked with the U.N. Special Rapporteur on the Occupied Palestinian Territories, including Francesca Albanese when she served in that role. *Id.* at ¶ 5. The United States's sanction on Ms. Albanese has significantly stifled JVP's work, speech and association. *Id* at ¶ 7. Amicus JVP has already been harmed by the sanction imposed on Ms. Albanese, and will continue to be harmed while the sanction is in place.

JVP is organizing for the fair and consistent application of human rights and international law in U.S. policy, including regarding war crimes and crimes against humanity committed by the Israeli government. *Id*. at ¶ 4. It is essential for JVP's work to call upon, platform, educate and build awareness using the expertise of human rights officials. *Id*. The position of the U.N. Special Rapporteur on the Occupied Palestinian Territories was a vital resource in this work, offering accurate and timely reports on the status of international law and human rights with regards to Palestine/Israel. *Id*. at ¶ 5. In her role as U.N. Special Rapporteur on the Occupied Palestinian Territories, JVP worked closely with Ms. Albanese, using her work in JVP's advocacy, citing to Ms. Albanese's reports, relying on Ms. Albanese's knowledge, hosting her at speaking engagements, and generally uplifting Ms. Albanese and her expertise. *Id*. JVP has heavily relied upon the United Nations mechanisms – particularly the Special Rapporteur - in their advocacy and educational materials, especially in their advocacy to educate members of Congress about facts on the ground in Palestine. *Id*. at ¶ 6.

Ms. Albanese's sanction has heavily impacted JVP and its work. *Id*. at ¶ 7. JVP has had to expend significant time and financial resources to understand, comply with and implement compliance policies with the sanctions. *Id*. The sanctions have meant that JVP may not

collaborate with Ms. Albanese, work with and coordinate with her on campaigns or other advocacy, rely on Ms. Albanese's guidance and expertise, learn from Ms. Albanese, support Ms. Albanese's efforts to ascertain the situation in Palestine, or encourage others to work with or support her. *Id*. at ¶ 8. This means JVP has had to adjust and adapt its work to continue without Ms. Albanese's involvement. *Id*. at ¶¶ 7-8.

In addition to the sanctions stifling the substance of JVP's work, JVP has expended enormous amounts of resources seeking to comply and ensure compliance with the sanctions. JVP staff have spent dozens of hours auditing and editing the educational resources they use for members of Congress and the public at large. *Id*. at ¶ 9. JVP has also spent time briefing staff in all hands and departmental meetings on the sanctions, how they impact JVP's work, and training them to audit, edit, and adjust their work. *Id*. JVP has spent additional time to ensure compliance with the sanctions and that none of their national or local social media accounts are sharing, liking, reposting or otherwise uplifting content by Ms. Albanese or content encouraging support for her and her work. *Id*. at ¶ 10. They have also spent time ensuring JVP's media work (talking points, press materials, and background documents) does not directly quote Ms. Albanese, link to her website, statements or research, or encourage support for her. *Id*. To make up for the significant gap in independent materials and knowledge created by Ms. Albanese's absence, JVP had – and continues – to work to identify other reliable sources of information. *Id*.

JVP chapters have also spent time dealing with the ramifications and have collectively spent dozens of hours learning about the sanctions, how to comply with them, and how to shift and compensate in their work. *Id*. at ¶ 12. Chapter members spent additional time discussing legal compliance, asking questions of our lawyers, learning how to implement compliance, and ensuring existing panels or educational events comply with the sanctions. *Id*.

Ensuring legal compliance has also resulted in costly legal fees. *Id*. at ¶ 13. JVP's legal team has spent hours engaging in a significant analysis of the impact of Ms. Albanese's sanctions has on their operations, both immediate and far-reaching. *Id*. at ¶¶ 12-13. In short, the sanctions have been a chokehold on JVP's speech, association and political advocacy.

3

By granting Plaintiffs' Motion for Preliminary Injunction, the Court will ease the significant burdens JVP has shouldered since Ms. Albanese was sanctioned. JVP would be able to resume its work and focus its resources, time, money, and energy on its core mission.

Dated: March 13, 2026                    Respectfully submitted,

                                        */s/ Bina Ahmad*
                                        Bina Ahmad
                                        Dan Stormer
                                        Hanna Chandoo
                                        HADSELL STORMER RENICK & DAI LLP
                                        128 N. Fair Oaks Ave.
                                        Pasadena, CA 91103
                                        626.585.9600
                                        bahmad@hadsellstormer.com
                                        dstormer@hadsellstormer.com
                                        hchandoo@hadsellstormer.com

                                        Attorneys for *Amicus Curiae*
                                        JVP Action (d.b.a. JVP)

4