UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| L.C., a minor child, by and through her father MASSIMILIANO CALI<br><br>MASSIMILIANO CALI<br><br>               *Plaintiffs,*<br>    - v. -<br><br>DONALD J. TRUMP, *in his official capacity as President of the United States, et al.*<br><br>               *Defendants.* | Civil Action No. 1:26-cv-00688-RJL |

**DECLARATION OF MARY PAT RASMUSSEN**

I, Mary Pat Rasmussen, declare as follows:

1. I am currently employed as the Deputy Assistant Director for the U.S. Department of Treasury's (Treasury) Office of Foreign Assets Control (OFAC) Licensing Division, overseeing the administration and implementation of OFAC specific licenses for many sanctions programs, including Afghanistan, Counter Terrorism, Cuba, International Criminal Court, Iran, and Venezuela. I assumed the role of Deputy Assistant Director in August 2019. I joined OFAC in December 2014, serving in various capacities, including as a Chief and Sanctions Licensing Officer within OFAC's Licensing Division.

2. I am familiar with the mission and operations of OFAC, and the facts attested to in this declaration are based upon information within my personal knowledge or information made available to me in the course of my official duties.

3.      I have been made aware of the motion filed in this action by L.C. and Massimiliano Cali (the Plaintiffs).  This declaration is made in connection with the U.S. government's opposition to Plaintiff's motion for a preliminary injunction.

OFAC Specific Licensing Authority

4.      OFAC can mitigate the effects of a designation by providing authorization for certain transactions that would otherwise be prohibited by issuing a general or specific license.  A specific license may be issued when a person requests authorization to conduct an otherwise prohibited transaction not already covered by a general license.  *See* 31 C.F.R. § 501.801(b).  Regulations administered by OFAC do not compel the issuance of specific licenses once certain criteria are met.  Rather, OFAC's blocking authority under the International Emergency Economic Powers Act, 50 U.S.C. §§ 1701–1702 (IEEPA) and implementing Executive orders (E.O.s) grant the agency the discretion to issue or withhold specific licenses based on national security and foreign policy considerations.  OFAC issues specific licenses in a manner consistent with the national security and foreign policy objectives of the United States.

LICENSE No. ICC-EO14203-2025-1408722-1

5.      On August 22, 2025, OFAC issued *sua sponte* a specific license to Francesca Paola Albanese (Albanese) and her minor child, L.C. (the "Parental License").  The Parental License authorizes U.S. persons to engage in all transactions that would otherwise be prohibited pursuant to E.O. 14203, "Imposing Sanctions on the International Criminal Court," involving Albanese, that are "ordinarily incident and necessary to" Albanese's "role as the parent and legal guardian of" L.C., including "purchasing, making payment for, and receiving goods, services, and funds essential to the maintenance of" L.C.  The Parental License also provides a non-exhaustive illustrative list of the types of authorizations within the scope of the specific license, including

2

"health and medical expenses, transportation, telecommunication costs, housing costs, food, clothing, insurance, and legal fees and expenses."

6.      The issuance of the Parental License is consistent with OFAC's licensing practices involving U.S. person immediate family members of persons identified on OFAC's List of Specially Designated and Blocked Persons (SDN List).  Such licenses are issued as necessary and appropriate to ensure that U.S. persons, including U.S. financial institutions, are able to process payments relating to the welfare of immediate family members of blocked persons.

7.      If U.S. or non-U.S. persons have questions as to the scope of an OFAC license, they may reach out directly to the OFAC Licensing Division to confirm whether certain activities would be within scope of the license, or otherwise exempt under IEEPA, the authority underpinning E.O. 14203.  Additionally, OFAC's Compliance Division maintains a Compliance Hotline, a resource for the public to contact OFAC for guidance on how to comply with OFAC-administered sanctions programs.  OFAC also offers additional guidance through numerous Frequently Asked Questions (FAQs) found on its website:  https://ofac.treasury.gov/faqs.

8.      OFAC is not aware at this time of a request from the Plaintiffs for guidance on the scope of the authorization pursuant to the Parental License.  OFAC is also not aware of any requests from Plaintiffs for guidance on any other licenses issued to Plaintiffs pursuant to E.O. 14203.

9.      As noted above, the Parental License authorizes all transactions ordinarily incident and necessary to Albanese's role as the parent and legal guardian of L.C. and such license is meant to ensure that sanctions do not impede Albanese in her role as parent and guardian to her U.S. person minor child, L.C.  As such, OFAC would generally view the types of activities specifically described with respect to L.C. in Plaintiff's brief as authorized by the Parental License or otherwise exempt, such as L.C. "[g]iving her mother a Christmas gift, buying her

mother's books, travelling with her mother to public events…" PI Br. at 35. OFAC would also generally view transactions ordinarily incident and necessary to facilitate such activities as authorized by the Parental License.

10.     In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: March 18, 2026

Mary P. Rasmussen

Digitally signed by
Mary P. Rasmussen
Date: 2026.03.18
17:05:22 -04'00'

Mary Pat Rasmussen
Deputy Assistant Director
Licensing
Office of Foreign Assets Control
Department of the Treasury