**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| L.C., a minor child, by and through her father MASSIMILIANO CALI, | ) CIVIL ACTION |
| | ) |
| | ) |
| MASSIMILIANO CALI, | ) No. 1:26-cv-00688-RJL |
| *Plaintiffs*, | ) |
| | ) |
| *v.* | ) |
| | ) DATE: April 20, 2026 |
| DONALD J. TRUMP, *et al.*, | ) |
| *Defendants*. | ) |
| | ) |
| | ) |
| | ) |

**MOTION TO SUPPLEMENT THE RECORD WITH NEW INFORMATION IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to LCvR 7 and 65.1(c), Plaintiffs L.C., a minor child, by and through her father Massimiliano Cali, and Massimiliano ("Max") Cali (together "Plaintiffs"), respectfully move the Court to supplement the record with new information that is relevant to the objections Defendants raised to Plaintiffs' standing to seek a preliminary injunction. Pursuant to LCvR 7(m), counsel for Plaintiffs conferred with counsel for Defendants on April 17, 2026, respecting their position on this motion, and then again on April 20, 2026. Defendants requested that their position on the motion be stated as follows: "Defendants have advised Plaintiffs to apply for a license with OFAC and oppose Plaintiffs' motion in light of their failure to seek a license from OFAC. See ECF No. 26-1 at para. 4 (explaining OFAC's consideration of requests for licenses)."

I.      **Background**

On February 25, 2026, Plaintiffs filed their Complaint (Dkt. 1) as well as a Motion for a Preliminary Injunction (Dkt. 3) supported by a Memorandum of Points and Authorities (Dkt. 3-1)

and six exhibits (Dkt. 1-9, 1-10, 1-11, 1-12, 1-13, 3-3). The motion sought to enjoin the designation of Francesca Albanese ("Francesca"), the wife and mother of the named Plaintiffs, pursuant to Executive Order 14203. Plaintiffs asserted, *inter alia*, that Francesca's designation was unlawful under the First Amendment as well as provisions of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701, *et seq*. Plaintiffs alleged their own injuries and, through third-party standing, Francesca's injuries as well. Compl. ¶¶ 11-12.

On March 18, 2026, Defendants filed their Opposition to the Motion for Preliminary Injunction. (Dkt. 26). Plaintiffs filed a supplemental declaration, responding to questions Defendants raised respecting why Plaintiffs filed this case in February 2026, as opposed to earlier, on March 23, 2026. (Dkt. 30-1). Plaintiffs filed their reply brief on March 25, 2026. (Dkt. 32). This Court held a hearing on the motion on April 1, 2026. (Dkt. Minute Entry, Apr. 1, 2026).

Defendants' primary argument against Plaintiffs' motion for a preliminary injunction was the contention that neither L.C., nor her father, has standing because they have suffered no redressable injuries under the First Amendment, or otherwise. Defendants accused L.C. of "[b]ootstrapping an alleged First Amendment injury supposedly suffered by [Francesca] onto non-existent and non-alleged injuries to [L.C.'s] own speech interests."  Opp.17.

Given the financial hardships caused by Francesca's designation, Plaintiffs have sought assistance in obtaining the funds to cover their family's legal expenses. Declaration of Brad Brooks-Rubin, Apr. 20, 2026 ("Brooks-Rubin Decl.") ¶ 2. Some of the individuals who have offered to provide financial assistance are U.S. persons. *Id*. ¶ 5.

Under 31 C.F.R. § 528.506, third-party funding is authorized for the purpose of providing legal services "to or on behalf of" an SDN. However, 31 C.F.R. § 528.507 forbids such funds coming from U.S. persons. Out of an abundance of caution, on March 19, 2026, Plaintiffs sought

formal clarification from the Department of Treasury's Office of Foreign Assets Control ("OFAC") that EO 14203 did not bar U.S. persons from providing litigation funding to Plaintiffs. Specifically, Plaintiffs asked OFAC to confirm that these regulations did not restrict L.C.'s ability as an American citizen to receive funding support from other U.S. persons to cover the costs associated with bringing this case. Brooks-Rubin Decl. ¶ 5 & Ex. A.

On April 15, 2026, OFAC responded: "Based on the information provided, the legal services you describe appear to qualify as one or more of the activities described in 31 C.F.R. § 528.506(a). However, 31 C.F.R. § 528.507 does not authorize payment for such legal services from a U.S. source. As such, a specific license would be required for U.S. parties to engage in the described payment." Brooks-Rubin Decl., Ex. D. Plaintiffs then began the process of preparing an application for a specific license. *Id*., ¶ 10.

## II.    Standard of Review

Courts in this District typically require a showing of good cause for submission of supplemental affidavits in support of a preliminary injunction motion. LCvR 65.1(c); *All. for Retired Americans v. Bessent*, No.25-313 (CKK), 2025 WL 1744617, at *1-2 (D.D.C. Feb. 11, 2025); *Vote Forward v. DeJoy*, No. 20-2405 (EGS), 2021 WL 1978805, at *21 n.9 (D.D.C. May 18, 2021).  Additionally, this Court has the inherent authority to permit supplemental evidence into the record, particularly where it would facilitate the Court's understanding or shed light on matters germane to issues before the court.  Indeed, this "Court has broad discretion to allow parties to supplement the record. ... And supplementation may be proper even after ... motions have been fully briefed if new relevant facts come to light ... [and] Defendants [do] not show[] that they will be prejudiced by the admission of these documents." *NAACP Legal Def. & Educ. Fund, Inc. v.*

*Barr*, 496 F. Supp. 3d 116, 126 n.2 (D.D.C. 2020) (cleaned up) (allowing supplemental evidence on motion for summary judgment).

**III.    Argument**

This Court should accept the supplemental evidence attached to this motion into the record for consideration in connection with Plaintiffs' motion for a preliminary injunction. This evidence was not previously available. And it bears directly upon Defendants' contention that Plaintiffs have "not established [their] own Article III injury," asserted "no First Amendment activity of [their] own," "identif[ied] no future First Amendment activity in which [they] want[] to ... engage," and that "the alleged speech-related burdens [of the sanctions] fall principally on [Francesca] Albanese." Opp.17, 43.

EO 14203 is expressly intended to impose severe costs, not just on those designated, but also on their spouses and children. EO 14203, pmbl. (Dkt. 1-9) ("The United States will impose tangible and significant consequences on those responsible for the ICC's transgressions, … as well as their immediate family members"); *id*. § 8(f) ("the term 'immediate family member' means a spouse or child"). As Plaintiffs have alleged and demonstrated, those intended costs are substantial. Plaintiffs' family now depends on a single breadwinner, their primary asset (the family home in Washington D.C.) is blocked, and Max, despite being a visa holder, is barred from returning to the United States, where his employer is based.

Faced with these circumstances, others stand ready to help. Yet, Defendants now insist that Francesca's designation under EO 14203 precludes her husband and her U.S. citizen daughter from seeking assistance from other U.S. persons, including to defend their family home in this district, unless OFAC first grants her a license.

4

L.C. is an American citizen. Even if this Court were to conclude that Max and Francesca have no constitutional rights, L.C. is entitled to the full protection of the First Amendment. OFAC's determination is squarely material to whether Francesca's designation violates *L.C.'s* First Amendment rights because it restricts the funds available to *her* when *she* seeks to subject government action to "constitutional scrutiny and certain other legal challenges." *LSC v. Velazquez*, 531 U.S. 533, 547-48 (2001). As this Court held less than a year ago: "The First Amendment protects the right 'to petition the Government for a redress of grievances.' U.S. Const. amend. I. Filing and pursuing lawsuits are forms of protected petitioning. ... This right to petition is 'integral to the democratic process.'" *Wilmer Cutler Pickering Hale & Dorr LLP v. Exec. Off. of President*, 784 F. Supp. 3d 127, 155–56 (D.D.C. 2025) (citations omitted); *amended*, Civ. Case No. 25-917 (RJL), 2025 WL 2105262 (D.D.C. June 26, 2025). As an American citizen, L.C.'s "right to be heard through [her] own counsel [is] unqualified," *Chandler v. Warden Fretag*, 348 U.S. 3, 9 (1954), and merely "undermining the … ability to pursue litigation" violates the First Amendment. *Wilmer*, 784 F. Supp. 3d at 156.

To be clear, Plaintiffs are in the process of applying for a specific license to obtain funding. Brooks-Rubin Decl. ¶ 10. But their need to do so exacerbates, rather than mitigates, the First Amendment harms L.C.'s mother's designation imposes. Simply as a practical matter, preparing an application for such a license entails time consuming and often costly legal work, equivalent in many respects to filing a dispositive motion. *Id*. Whether to grant or deny a specific license is left entirely to Defendants' discretion. As OFAC clarifies on its public website, "Each application is reviewed on a case-by-case basis and often requires interagency consultation." OFAC, Frequently Asked Questions, No. 58 (Sept. 10, 2002).[1] OFAC specifically notifies the public that it "cannot

---

[1] https://ofac.treasury.gov/faqs/58

predict how long this review might take," *id.*, and specific licenses routinely remain pending for many months. Brooks-Rubin Decl. ¶ 10.

The Supreme Court has long recognized that discretionary licensing schemes implicate core First Amendment interests. "Generally," in the United States at least, "speakers need not obtain a license to speak." *Riley v. Nat'l Fed'n of the Blind of N. Carolina, Inc.*, 487 U.S. 781, 802 (1988); *see also City of Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 769-70 (1988) (licensing schemes that vest officials with unbridled discretion are unconstitutional); *Freedman v. Maryland*, 380 U.S. 51, 58-59 (1965) (setting forth procedural requirements for any licensing scheme affecting speech); *Murdock v. Pennsylvania*, 319 U.S. 105, 113-14 (1943); *Rona v. Trump*, No. 25-CV-3114 (JMF), 2025 WL 2162543, at *9 (S.D.N.Y. July 30, 2025) (holding that the possibility of an OFAC license did not save IEEPA sanctions that infringed upon First Amendment activity). The new evidence is directly relevant to the three elements of standing Plaintiffs must show: it identifies a 1) concrete and particularized injury (*i.e.*, Defendants' insistence that Plaintiffs obtain a discretionary license to exercise their First Amendment rights), that is 2) traceable to Francesca's designation, and 3) fully redressable by the requested injunction.

The standing inquiry on Plaintiffs' preliminary injunction motion turns in significant part on the scope of the regulatory burden that Francesca's designation imposes. The attached declaration and exhibits reveal Defendants' actual position on the legal effect that the designation of Francesca imposes upon Max and L.C., as Francesca's "immediate family members." This Court should, therefore, consider these intervening facts, especially in the posture of ruling on a motion for preliminary injunction where equitable considerations are key. *See SEC v. Gen. Refractories Co.*, 400 F. Supp. 1248, 1255 (D.D.C. 1975) ("Rule 65(a) of the Federal Rules of Civil Procedure contemplates the introduction at a hearing on a preliminary injunction of evidence

which would not be admissible in a final trial on the merits. This relaxation of the rule of evidence at the preliminary injunction stage is consonant with one of the key purposes of a preliminary injunction: the need for speedy relief."). Plaintiffs therefore move this Court to accept this supplemental evidence to ensure the record before this Court is complete.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to supplement the record with new information in support of Plaintiffs' motion for a preliminary injunction should be GRANTED.

Respectfully submitted,

Dated: April 20, 2026
Washington, D.C.

/s/ Michel Paradis
Michel Paradis (D.C. Bar No. 499690)
Jason Wright (D.C. Bar No. 1029983)
Patrick Fields (Texas Bar No. 24146721)*
Scott Johnston (D.C. Bar No. 90019285)*
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
mparadis@steptoe.com
jwright@steptoe.com
pfields@steptoe.com
scjohnston@steptoe.com
Telephone: (212) 506-3900
Facsimile: (202) 429-3902

*Attorneys for Plaintiffs*

*admitted *pro hac vice*

7