# Exhibit 1

**DECLARATION OF BRAD BROOKS-RUBIN**

I, Brad Brooks-Rubin, declare to the best of my knowledge, information, and belief:

1.      I am an attorney with the law firm Arktouros PLLC, where my practice focuses on U.S. economic sanctions compliance. Prior to entering private practice, I served as an Attorney-Advisor in the Office of the Chief Counsel for the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") and as a Senior Advisor in the Office of Sanctions Coordination at the U.S. Department of State. I submit this declaration based on my personal knowledge of the facts set forth herein and, where so indicated, on information and belief.

2.      I was retained by Massimiliano Cali in July 2025 in connection with his wife Francesca Albanese's designation as a Specially Designated National ("SDN") under Executive Order 14203. In that capacity, I have represented him before OFAC in connection with issues affected by that designation, to include obtaining licenses on their behalf. Max and Francesca's principal asset is their home in the District of Columbia, the value of which is presently frozen to due the sanctions. As a consequence, one of the principal issues on which I have advised him is ways of legally obtaining and transferring funds to retain counsel, including in this case.

3.      Funding legal expenses is governed by a general license contained in the International Criminal Court-Related Sanctions Regulations, 31 C.F.R. part 528, which implement Executive Order 14203. Two provisions of those regulations are directly relevant here. First, 31 C.F.R. § 528.506 is a general license that authorizes the provision of certain specified categories of legal services to or on behalf of persons whose property and interests in property are blocked under the regulations (*i.e.* SDNs), including legal services relating to the

provision of legal advice and counseling concerning the requirements of, and compliance with, U.S. sanctions laws, and legal services in connection with the representation of a blocked person before U.S. federal or state courts or administrative agencies. Second, 31 C.F.R. § 528.507 is a separate general license that authorizes the receipt of payment of professional fees and reimbursement of incurred expenses for the provision of legal services authorized under § 528.506(a), subject to certain conditions. Among those conditions is a prohibition on the receipt of such payments from a U.S. source. Accordingly, § 528.506 addresses whether the legal services themselves are authorized, while § 528.507 addresses whether, and from whom, counsel may receive payment for those services.

4.      OFAC maintains a Compliance Hotline through which members of the public, including counsel representing SDNs, may submit inquiries to OFAC regarding the interpretation and application of OFAC-administered sanctions programs. As described on OFAC's public website, the Compliance Hotline is the agency's designated channel for obtaining guidance on how to comply with OFAC sanctions and for seeking clarification regarding the scope of general licenses, prohibitions, and other authorizations set forth in the relevant regulations. In my experience as a practitioner, and as a former Treasury and State official, the Compliance Hotline is the official, publicly available mechanism by which regulated parties obtain interpretive guidance from OFAC short of applying for a specific license, and it is the channel that OFAC itself directs the public to use for such inquiries. Written responses received through the Compliance Hotline reflect the agency's position on the questions presented.

5.      On March 19, 2026, I submitted a request to OFAC's Compliance Hotline seeking to clarify the scope of the general license governing the provision of legal services to persons

designated under Executive Order 14203, codified at 31 C.F.R. §§ 528.506–528.507. Specifically, I sought confirmation that the prohibition in 31 C.F.R. § 528.507 on the receipt of funds from U.S. sources did *not* apply with respect to L.C. in connection with the civil action that she filed on February 28, 2026, challenging her mother's designation under Executive Order 14203. My submission explained that L.C. is a United States citizen and, accordingly, requested confirmation that the U.S.-source funding restriction did not bar her from receiving or contributing U.S.-source funds to support the litigation. The submission requested a response by April 3, 2026. A true and correct copy of the March 19, 2026, compliance hotline submission is attached as Exhibit A.

6.    On April 3, 2026, OFAC transmitted a response to my March 19, 2026, submission. OFAC stated that "31 C.F.R. § 528.507 does not authorize payments from a U.S. source for legal services authorized pursuant to § 528.506(a)." OFAC further stated that, because my submission was not framed as a question, it was unable to provide a substantive response, and invited me to "please let us know if you have any questions regarding the authorizations within 31 C.F.R. part 528." A true and correct copy of OFAC's April 3, 2026 response is attached as Exhibit B.

7.    Due to an inadvertent typographical error in the email address I provided to OFAC, I did not receive OFAC's April 3, 2026, response until I requested follow-up on April 7, 2026.

8.    On April 8, 2026, I submitted a follow-up inquiry to OFAC posing the matter in the form of an express question. Specifically, I asked: "Would a U.S. person be prohibited from

contributing to the legal services performed for the U.S. person minor in this case?" A true and correct copy of my April 8, 2026, follow-up inquiry is attached as Exhibit C.

9.      On April 15, 2026, OFAC transmitted a response to my April 8, 2026, follow-up inquiry. OFAC stated: "Based on the information provided, the legal services you describe appear to qualify as one or more of the activities described in 31 C.F.R. § 528.506(a). However, 31 C.F.R. § 528.507 does not authorize payment for such legal services from a U.S. source. As such, a specific license would be required for U.S. parties to engage in the described payment." A true and correct copy of OFAC's April 15, 2026 response is attached as Exhibit D.

10.      Following OFAC's response, I began the process of preparing a specific license application. Specific license applications require extensive preparation, detailed factual statements, supporting documents, and particularized demonstrations of need. These applications are submitted through an OFAC administered online portal, where they are assigned a Case ID and processed in order of priority. In my professional experience, specific license applications routinely remain pending for many months before being acted upon, sometimes taking more than a year. Although the responses provided to Max and Francesca referenced in Paragraph 2 were provided in just a few weeks, a lengthy review period is particularly common in situations, such as under EO 14203, where programs require extensive inter-agency coordination.

Pursuant to pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___April 20_____, 2026, at __Washington, DC_____.


_____
Brad Brooks-Rubin

**Exhibit A**

Brad Brooks-Rubin to OFAC Compliance Hotline, Re: U.S. Person Funding of Legal Services Provided to U.S. Person Minor in Cali v. Trump, et al., 31 C.F.R. 528.506-507, March 19, 2026

# ARKTOUROS pllc                                 Steptoe

**FOIA CONFIDENTIAL TREATMENT REQUESTED**

March 19, 2026

United States Department of the Treasury
Office of Foreign Assets Control
Compliance Hotline
Freedman's Bank Building
1500 Pennsylvania Ave., NW
Washington, DC 20220

**Re: U.S. Person Funding of Legal Services Provided to U.S. Person Minor in *Cali v. Trump, et al;* 31 C.F.R 528.506-507**

To:  Authorized Representative
OFAC Compliance Hotline

We write in connection with the ongoing lawsuit, *Cali v. Trump, et al*. Specifically, we write to inform OFAC that, in light of the fact that a U.S. person minor, L.C., is one of the co-plaintiffs, we will be accepting funds from one or more U.S. persons to support the litigation. For purposes of the representation of Mr. Cali, who is not a U.S. person, the provisions of the General License (GL) set forth in the International Criminal Court Sanctions Regulations (ICCSR) at 31 C.F.R. 528.507 will be followed. We expect a payment from a U.S. person to be made on or about April 3, 2026.

In sum, as stated in the Complaint, Mr. Cali and his minor daughter L.C. have initiated a lawsuit both to assert their own rights and "on behalf of" SDN Francesca Albanese. Pursuant to 31 C.F.R. 528.506, the legal services performed for the plaintiffs is therefore covered because they are being conducted on Ms. Albanese's behalf. The GL allowing for payment prohibits receipt of any funding, *inter alia*, from U.S. persons. However, in this context, given that Section 1(a)(ii) of E.O. 14203 only contemplates designation of *foreign* persons, it is our understanding that it would not have been expected that any U.S. persons would themselves be in receipt of legal services authorized by the GL.

In this case, given the unique context surrounding Ms. Albanese's inability to pursue her own litigation, her family has been forced to bring the case on her behalf. As a result, their U.S. person daughter is now a plaintiff in the case and entitled to legal support to advance her interests. As a U.S. citizen, L.C. has an "unqualified" constitutional right to counsel in these proceedings, and we do not interpret OFAC policy generally or the GL specifically as intended to impair that right. *Chandler v. Warden Fretag*, 348 U.S. 3 (1954). In the context of another program in which U.S. persons are designated and representation of them is contemplated, OFAC has provided a GL allowing for the receipt of funding from U.S. persons through legal defense funds. 31 C.F.R. 594.517(b).

The ICCSR does not contain such a provision, such that there is no mechanism through which to establish such a fund at a U.S. financial institution. However, the plaintiffs do intend to establish a separate account at a U.S. financial institution solely for the purpose of funding the U.S. person-attributable costs to the litigation, and will maintain appropriate records.

Please let us know if you have any concerns.

Respectfully,

Brad Brooks-Rubin
Partner
Arktouros pllc

Michel Paradis
Partner
Steptoe

2

# OFAC Compliance Hotline

### Submission Confirmation

Thank you for your query. A confirmation message will be sent to the email address you provided.
Query number: OFAC-2026-010281
Date: 03/19/2026 01:55 PM

*Guidance provided by the Office of Foreign Assets Control (OFAC) in response to OFAC Compliance Hotline queries is intended solely for the use of the intended recipient; it is limited to the facts and circumstances presented in each query submission and reflects the status of the relevant sanctions program(s) at the time the guidance is provided. Such guidance does not: excuse compliance with any law or regulation administered by OFAC or another agency; release the recipient or any third party from civil or criminal liability for violations of any law or regulation; or constitute a finding of fact or conclusion of law with respect to the applicability or interpretation of any law or regulation. To obtain an official OFAC determination regarding an interpretation of OFAC sanctions, or to apply for or check the status of a specific license authorizing prohibited activity, please submit your request via OFAC's Licensing Portal.*

**First Name:**                                Brad

**Middle Name:**

**Last Name:**                                 Brooks-Rubin

**Organization:**                              Arktouros pllc

**Telephone:**                                 301-655-4189

**Telephone Extension:**

**Telephone Type:**                            Mobile

**Alternate Telephone:**

**Alternate Telephone Extension:**

**Alternate Telephone Type:**

**Email:**                                     bbr@arktouos.co

**Alternate Email:**

**Related Query Number:**

**Regulatory Requirement:**                    International Criminal Court-Related Sanctions

**Query:**                                      See attached

**Attachment:**

**Attachment Description:**

**Exhibit B**

OFAC Compliance Hotline to Brad Brooks-Rubin, Email, April 3, 2026



# Re: Query Number OFAC-2026-010281

1 message

**no-reply@treasury.gov** <ofaccompliancehotline@treasury.gov>          Tue, Apr 7, 2026 at 12:04 PM
To: "bbr@arktouros.co" <bbr@arktouros.co>
Cc: "bbr@arktouos.co" <bbr@arktouos.co>

Thank you for providing your correct email address in query number OFAC-2026-010514, your follow-up query to OFAC-2026-010281.

Please see the below response previously emailed to bbr@arktouos.com.

OFAC Compliance Hotline
Office of Foreign Assets Control
U.S. Department of the Treasury
ofac.treasury.gov/ofac-compliance-hotline

--------------- Original Message ---------------
From: **no-reply@treasury.gov** <ofaccompliancehotline@treasury.gov>
Date: April 3, 2026 at 9:49 AM

> Thank you for the information provided in your query, OFAC-2026-010281.  As you noted in your letter, 31 CFR § 528.507 does not authorize payments from a U.S. source for legal services authorized pursuant to § 528.506(a).  Understanding that your query did not include any questions for OFAC, please let us know if you have any questions regarding the authorizations within 31 CFR part 528.  For questions concerning specific licenses, you may contact OFAC's Licensing Division.
>
> OFAC Compliance Hotline
> Office of Foreign Assets Control
> U.S. Department of the Treasury
> ofac.treasury.gov/ofac-compliance-hotline

**Exhibit C**

OFAC Compliance Hotline to Brad-Brooks Rubin, Email, April 8, 2026



<div align="right">Brad Brooks-Rubin &lt;bbr@arktouros.co&gt;</div>

## OFAC Compliance Hotline Submission

1 message

**no-reply@treasury.gov** &lt;ofaccompliancehotline@treasury.gov&gt;      Wed, Apr 8, 2026 at 2:36 PM
To: "bbr@arktouros.co" &lt;bbr@arktouros.co&gt;

<div align="center">

Thank you for your query.

**Query Number: OFAC-2026-010550**

**Date: 4/8/2026 2:36 PM**

</div>

Please refer to this query number for any subsequent, related hotline queries you submit via the OFAC Compliance Hotline.

Guidance provided by the Office of Foreign Assets Control (OFAC) in response to OFAC Compliance Hotline queries is intended solely for the use of the intended recipient; it is limited to the facts and circumstances presented in each query submission and reflects the status of the relevant sanctions program(s) at the time the guidance is provided. Such guidance does not: excuse compliance with any law or regulation administered by OFAC or another agency; release the recipient or any third party from civil or criminal liability for violations of any law or regulation; or constitute a finding of fact or conclusion of law with respect to the applicability or interpretation of any law or regulation.

To obtain an official OFAC determination regarding an interpretation of OFAC sanctions, or to apply for or check the status of a specific license authorizing prohibited activity, please submit your request via OFAC's Licensing Portal.

If you are contacting OFAC to check the status of a license application or other request submitted through OFAC's Licensing Portal, please contact OFAC's Licensing Division at 1-202-622-2480 or use the "Check

Application Status" feature in OFAC's Licensing Portal.

## OFAC Compliance Hotline

U.S. DEPARTMENT OF THE TREASURY

OFFICE OF FOREIGN ASSETS CONTROL

ofac.treasury.gov/contact-ofac

**Exhibit D**

OFAC Compliance Hotline to Brad Brooks-Rubin, Email, April 15, 2026



## Query Number OFAC-2026-010550

1 message

**no-reply@treasury.gov** <ofaccompliancehotline@treasury.gov>                    Wed, Apr 15, 2026 at 6:50 PM
To: "bbr@arktouros.co" <bbr@arktouros.co>

Thank you for your follow-up query: OFAC-2026-010550.

The general license at 31 CFR § 528.506 authorizes certain legal services to or on behalf of persons whose property and interests in property are blocked pursuant to § 528.201, provided that any receipt of payment of professional fees and reimbursement of incurred expenses must be authorized pursuant to 31 CFR § 528.507.  31 CFR§ 528.507 does not authorize any payments from:  (i) a source within the United States; (ii) any source, wherever located, within the possession or control of a U.S. person; or (iii) any individual or entity, other than the person on whose behalf the legal services authorized pursuant to § 528.506(a) are to be provided, whose property and interests in property are blocked pursuant to any part of this chapter or any Executive order or statute.

Based on the information provided, the legal services you describe appear to qualify as one or more of the activities described in 31 CFR § 528.506(a).  However, 31 CFR § 528.507 does not authorize payment for such legal services from a U.S. source.  As such, a specific license would be required for U.S. parties to engage in the described payment.  We recommend you seek further guidance by contacting OFAC's Licensing Division through the OFAC License Application Page.  Please be advised that we cannot accept license applications or provide guidance on the scope of issued specific licenses through the OFAC Compliance Hotline.

OFAC Compliance Hotline
Office of Foreign Assets Control
U.S. Department of the Treasury
ofac.treasury.gov/ofac-compliance-hotline