**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| L.C., a minor child, by and through her father MASSIMILIANO CALI,<br><br>MASSIMILIANO CALI,<br><br>       *Plaintiffs,*<br><br>       v.<br><br>DONALD J. TRUMP, *in his official capacity as President of the United States, et al.*<br><br>       *Defendants.* | Civil Action No. 1:26-cv-00688-RJL |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD WITH NEW INFORMATION IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiffs' motion to supplement is an improper attempt to cure the defects in their standing, after briefing has closed and after the Court has held a hearing, by advancing an entirely new theory of injury. That effort fails for multiple reasons. Plaintiffs' motion and accompanying exhibits rely on forfeited arguments, fail to provide any information relevant to the issues presented by Plaintiffs' preliminary-injunction motion and Defendants' opposition, and fail to cure the defects in Plaintiffs' standing theory. And as of the close of business today, the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") has still not received an application from Plaintiffs for the specific license they claim is necessary. The Court should deny the motion.

**1.** At the preliminary-injunction stage, Plaintiffs bear the burden of establishing a "substantial likelihood" of standing based on "specific facts." *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 912-13 (D.C. Cir. 2015) (citation omitted). Plaintiffs therefore were required to present an evidentiary basis for standing "no later than when [they filed] the opening brief." *Twin Rivers Paper Co. v. SEC*, 934 F.3d 607, 613 (D.C. Cir. 2019). The "ordinary rules of forfeiture apply to standing," including that

arguments raised for the first time after opening briefing are forfeited. *Id.* at 615 (citation omitted). The forfeiture principle applies with particular force in the preliminary-injunction context, where Local Civil Rule 65.1(c) requires that a motion for a preliminary injunction be supported by "all affidavits on which the plaintiff intends to rely." LCvR 65.1(c). More generally, courts in this District reject efforts to use post-briefing submissions to reargue matters already presented or to advance theories that could have been raised earlier. *See Est. of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011); *see also D'Onofrio v. SFX Sports Grp., Inc.*, 534 F. Supp. 2d 86, 90-91 (D.D.C. 2008). Plaintiffs therefore may not wait until after Defendants identify a defect to supply a new theory of standing or new evidence in support of it. *See Twin Rivers*, 934 F.3d at 615-16 (declining to consider reply-stage submissions advancing "an entirely new theory of standing" (citation omitted)); *see also Green Oceans v. U.S. Dep't of the Interior*, No. 1:24-cv-00141-RCL, 2024 WL 3104945, at *1, 3-4 (D.D.C. June 24, 2024) (rejecting attempt to "shore up" a deficient standing showing through supplemental declarations after opposition raised the issue).

Yet that is precisely what Plaintiffs are doing here. Their preliminary-injunction motion—filed February 25, 2026—does not assert that any alleged inability to obtain litigation funding from U.S. persons constitutes an Article III injury. Defendants' March 18, 2026, opposition challenged Plaintiffs' standing and argued that Plaintiffs failed to support their alleged injuries with evidence. *See* Defs.' Opp'n to Pls.' Mot. for Prelim. Inj. at 15-21, ECF No. 26. The very next day, Plaintiffs' counsel contacted OFAC. *See* Decl. of Brad Brooks-Rubin ("Brooks-Rubin Decl.") ¶ 5, ECF No. 38-1 (stating that counsel contacted OFAC on March 19, 2026). Plaintiffs then waited another month until April 20—after filing a supplemental declaration on March 24, filing a reply brief on March 25, and participating in the hearing on April 1—to present this new theory of harm. That theory is forfeited. *See Twin Rivers*, 934 F.3d at 615; *Diamond v. United States*, No. 23-5265, 2025 WL 914044, at *1-2 (D.C. Cir. Mar. 26, 2025) (per curiam).

Even if they had not forfeited the theory by failing to include it in their preliminary-injunction motion, Plaintiffs had several additional opportunities to raise it before now. They could have done so, for example, in their reply filed on March 25 or at the April 1 hearing. They did not. Instead, they attempt to introduce a new theory now, after recognizing the deficiencies in their initial evidentiary showing of standing. That is precisely the type of post hoc supplementation courts routinely reject. *See, e.g.*, *Twin Rivers*, 934 F.3d at 615-16; *Green Oceans*, 2024 WL 3104945, at *3-4.

**2.** Plaintiffs argue that these rules do not apply to them because the "evidence was not previously available." Pls.' Mot. to Suppl. R. with New Information in Supp. of Pls.' Mot. for Prelim. Inj. ("Mot.") at 4, ECF No. 38. But the information they want to submit is not "evidence" supporting a grant of preliminary relief. Seeking outside funding to help fund litigation *after it begins* is not a harm that provides *standing to bring that litigation* in the first place. Moreover, no case or controversy exists between Plaintiffs (L.C. and Cali) and Defendants (the President, the Attorney General, and the Secretaries of the U.S. Department of the Treasury and U.S. Department of State) with respect to that funding or Plaintiffs' decision to seek it. Nor have Defendants caused any cognizable injury to Plaintiffs with respect to that funding.

Plaintiffs' arguments that "OFAC's determination is squarely material to" an alleged First Amendment interest of L.C. in "petition[ing] the Government," and that "discretionary licensing schemes implicate core First Amendment interests," Mot. at 5-6 (citation omitted), should be rejected out of hand for what they are: attempts to constructively amend the pleadings with new substantive theories that were not included in the complaint or in Plaintiffs' preliminary-injunction motion. (Indeed, Plaintiffs asserted no First Amendment interest of their own *at all* in their preliminary-injunction motion, relying entirely on Francesca Albanese's alleged First Amendment rights.) Plaintiffs even seem to suggest that they should be *entitled* to a license—they assert that "[w]hether to grant or deny a specific license is left entirely to Defendants' discretion," Mot. at 5—yet no such entitlement

3

exists. More importantly, it cannot be redressed by this Court because Plaintiffs' preliminary-injunction motion does not ask the Court to order issuance of a specific license. (Even if Plaintiffs were requesting that relief here, it would be unavailable, among other reasons, because any such request would be premature: Plaintiffs have not submitted an application to OFAC for that relief.)

**3.** Substantively, Plaintiffs' motion fails because it is an improper attempt to manufacture standing based on their own strategy in litigating this case. The only new "injury" they assert arises from their conduct after they filed their complaint and preliminary-injunction motion: specifically, their decision in mid-March to seek guidance from OFAC regarding potential litigation funding. But a party cannot establish standing through self-inflicted harms or litigation-driven choices. *See Equal Rts. Ctr. v. Post Props., Inc.*, 633 F.3d 1136, 1140-42 (D.C. Cir. 2011) (explaining that resources diverted to "investigation" and "resulting legal challenge" were a "self-inflicted" injury insufficient to support standing (citation omitted)); *see also Food & Water Watch*, 808 F.3d at 919 (rejecting self-inflicted injuries as a basis for standing). Plaintiffs' alleged injury—the asserted consequences of their own decision to pursue third-party litigation funding after filing a lawsuit—is self-inflicted and cannot create Article III standing.

In effect, Plaintiffs' position is that they have standing to *bring* a lawsuit based on the costs of *funding that same lawsuit*. That is absurd. To make matters worse, Plaintiffs even suggest that the costs of *preparing* the license application are included in their injury. Mot. at 5. That is bootstrapping upon bootstrapping, and it cannot support Article III standing.

**4.** To the extent Plaintiffs might be relying on a hypothetical, future injury related to sanctions enforcement if they engage in a financial transaction for which they lack a license, their arguments again fail because they provide no evidence of any transaction in which they wish to participate that is prohibited. Their lawyers' letter, Brooks-Rubin Decl. Ex. A at 1, ECF No. 38-1, identifies a contemplated April 3, 2026, transaction, but it is not clear whether that transaction happened. In any

event, Plaintiffs point to no evidence linking that transaction to future penalties or harms that might accrue to *them* (as opposed to their lawyers). To the best Defendants can determine from Plaintiffs' exhibits, litigation funding was not to be transferred to or from Cali or L.C., and their role, if any, in any contemplated transaction involving such funding is unclear.

*    *    *

To be clear, Defendants have no intention of interfering with any legitimate interest the named Plaintiffs have in funding their own litigation. Setting aside the underlying designation and sanctions that are the subject of the pending preliminary-injunction motion, Defendants have done nothing to prevent Plaintiffs from securing representation or funding for litigation services, and the regulatory framework administered by OFAC provides a mechanism for seeking to do so through a specific license, to the extent separate authorization is required.[1] To date, however, OFAC has not received an application from Plaintiffs for a specific license to obtain external litigation funding. It cannot address an application it has not received. Plaintiffs' attempt to circumvent the regulatory process by tacking on the licensing issue to their preliminary-injunction motion is improper. That is especially true because OFAC has already issued two specific licenses to Plaintiffs, and Plaintiffs have no evidence it will not consider in good faith an application for a third.

**CONCLUSION**

The Court should deny Plaintiffs' motion to supplement.

---

[1] Plaintiffs assert that OFAC's responses through the Compliance Hotline are the "official" "position" of OFAC. Brooks-Rubin Decl. ¶ 4. That is an overstatement at best. As noted in each of the Compliance Hotline responses cited in the declaration, and on OFAC's website, OFAC's response to a Hotline question "does not . . . constitute a finding of fact or conclusion of law with respect to the applicability or interpretation of any law or regulation." OFAC, U.S. Dep't of the Treasury, *OFAC Compliance Hotline*, https://apps-treas.my.site.com/ofac/s/ofac-hotline (last visited Apr. 27, 2026). OFAC further instructs inquirers that, "[t]o obtain an official OFAC determination regarding an interpretation of OFAC sanctions, or to apply for or check the status of a specific license authorizing prohibited activity, please submit your request via OFAC's Licensing Portal." *Id.*

April 27, 2026                              *Respectfully submitted,*

                                           BRETT A. SHUMATE
                                           Assistant Attorney General
                                           Civil Division

                                           YAAKOV M. ROTH
                                           Principal Deputy Assistant Attorney General
                                           Civil Division

                                           ERIC J. HAMILTON
                                           Deputy Assistant Attorney General

                                           ELIZABETH HEDGES
                                           Counsel to the Assistant Attorney General
                                           Civil Division

                                           STEPHEN M. ELLIOTT
                                           Assistant Branch Director

                                           */s/ Kian K. Azimpoor*
                                           KIAN K. AZIMPOOR (DC Bar No. 90024613)
                                           Trial Attorney
                                           United States Department of Justice
                                           Civil Division, Federal Programs Branch
                                           1100 L Street NW
                                           Washington, DC 20005
                                           Tel: (202) 598-0860
                                           Fax: (202) 616-8470
                                           Email: kian.k.azimpoor@usdoj.gov

                                           *Counsel for Defendants*