## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| L.C., *a minor child, by and through her father* MASSIMILIANO CALI, | ) ) ) ) | |
| MASSIMILIANO CALI, | ) ) | |
| Plaintiffs, | ) ) | Civil Case No. 26-688 (RJL) |
| v. | ) ) ) | |
| DONALD J. TRUMP, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM ORDER
May **20**, 2026 [Dkt. #51]

On May 13, 2026, I granted plaintiff's motion for a preliminary injunction. *See* Mem. Op. [Dkt. #48]; Order [Dkt. #49]. Defendants now seek a stay of my order pending appeal or, in the alternative, a fourteen-day administrative stay. Defs.' Mot. for Stay [Dkt. #51]. Plaintiffs oppose the motion. Pls.' Opp'n to Mot. for Stay [Dkt. #52]. Having considered defendants' arguments, I conclude that a stay is not warranted. Defendants' motion is therefore **DENIED**.

Courts consider the following four factors when considering whether to stay an order pending appeal: "(1) whether the applicant has made a 'strong showing that [it] is likely to succeed on the merits' of its appeal; (2) whether the applicant will be irreparably harmed without the requested stay; (3) whether the stay 'will substantially injure other

1

parties interested in the proceeding'; and (4) 'where the public interest lies.'" *Friends of Cap. Crescent Trail v. Fed. Transit Admin.*, 263 F. Supp. 3d 144, 147 (D.D.C. 2017) (alteration in original) (quoting *Nken v. Holder*, 556 U.S. 418, 425–26 (2009)). The party seeking the stay "bears the burden of 'justify[ing] the exercise of such an extraordinary remedy.'" *Id.* (alteration in original) (quoting *Cuomo v. U.S. Nuclear Regul. Comm'n*, 772 F.2d 972, 978 (D.C. Cir. 1985)).

Defendants argue they are likely to succeed on appeal for three reasons: (1) the First Amendment does not apply to foreign nationals living abroad; (2) the injunction interferes with the Executive Branch's exercise of foreign affairs authority; and (3) the injunction is overbroad. Unfortunately for defendants, all three arguments fail. How so?

As to defendants' First Amendment argument, I disagree for the reasons articulated in my prior opinion. *See* Mem. Op. at 15–22.[1] Regarding defendants' separation-of-powers concerns, there is no question that the Executive Branch enjoys broad discretion and deference in the realm of foreign policy. *See Dames & Moore v. Regan*, 453 U.S. 654, 660–62 (1981). But, as I previously noted, even legitimate national security concerns "do not warrant abdication of the judicial role." Mem. Op. at 21 (quoting *Holder v. Humanitarian L. Project*, 561 U.S. 1, 34 (2010)). The President's broad authority in foreign affairs must be exercised in harmony with other constitutional limitations,

---

[1] Plaintiffs clarify that while Albanese and Cali once took out a mortgage on their Washington, D.C. home with a U.S. bank, they have now paid off the mortgage and fully own the home. Opp'n at 7 n.3. My opinion suggested, incorrectly, that Albanese and Cali continue to pay off the mortgage. *See* Mem. Op. at 16. However, they continue to pay HOA fees and property taxes on the home. Opp'n at 7 n.3. In any event, this clarification does not alter my conclusion that Albanese has "substantial connections" to the United States to warrant First Amendment protection for the speech at issue in this case. Mem. Op. at 16–18.

2

including the First Amendment. As to whether the injunction is overbroad, I again disagree. Plaintiffs' injuries stem from Albanese's designation as such, not just from defendants' enforcement of Albanese's designation against plaintiffs. *See* Mem. Op. at 6 (describing injuries due to "ongoing external pressure resulting from the sanctions"). As I have already explained, *see* Mem. Op. at 25 n.5, enjoining Albanese's designation in its entirety is therefore necessary to afford plaintiffs complete relief.

The equitable factors—irreparable harm, balance of the equities, and public interest—also do not warrant a stay pending appeal. Defendants are not harmed by "an injunction that merely ends an unlawful practice." *TikTok Inc. v. Trump*, 507 F. Supp. 3d 92, 115 (D.D.C. 2020). Plaintiffs, meanwhile, would face concrete, irreparable harms every day the injunction is stayed—including harms to their freedom of travel, property rights, and constitutionally protected familial relations. *See* Mem. Op. at 22–23.

Defendants argue, in the alternative, that a fourteen-day administrative stay is warranted. Whether to issue an administrative stay pending appeal is "not a matter of right" but "an exercise of judicial discretion." *Nken*, 556 U.S. at 433 (citation omitted). For the same reasons articulated above, I will not issue an administrative stay here.

Accordingly, it is hereby **ORDERED** that Defendants' [Dkt. #51] Motion to Stay Pending Appeal or, in the Alternative, for a Temporary Administrative Stay is **DENIED.**

**SO ORDERED.**

RICHARD J. LEON
United States District Judge

3