**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| L.C., a minor child, by and through her father MASSIMILIANO CALI,<br><br>MASSIMILIANO CALI,<br><br>         *Plaintiffs*,<br><br>      v.<br><br>DONALD J. TRUMP, *in his official capacity as President of the United States, et al.*<br><br>       *Defendants.* | Civil Action No. 1:26-cv-00688-RJL |

**OPPOSITION TO PLAINTIFFS' MOTION TO DISSOLVE PRELIMINARY INJUNCTION**

1

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................................1

BACKGROUND ........................................................................................................................................2

LEGAL STANDARD ................................................................................................................................3

ARGUMENT .............................................................................................................................................4

I.      Plaintiffs Have Failed to Establish Any Significant Change in Factual Conditions or Law. ..............................................................................................................................................4

      A.      Plaintiffs' Arguments That the Injunction No Longer Provides "Meaningful Interim Relief" Lacks Legal and Factual Merit. ...............................................................4

      B.      Plaintiffs' Assumption That This Court's Final Judgment Will Precede an Appellate Decision Is Speculative and Cannot Justify Preemptive Dissolution ...........8

      C.      *Tincher* Is Materially Distinguishable and Does Not Support Dissolution. ..................10

CONCLUSION .......................................................................................................................................11

**TABLE OF AUTHORITIES**

Cases

*Acheson Hotels, LLC v. Laufer*,
  601 U.S. 1 (2023) ............................................................................................ 1, 6, 7

*Am. Council of the Blind v. Mnuchin*,
  878 F.3d 360 (D.C. Cir. 2017) ................................................................................3

*Cali v. Trump*,
  No. 26-5172 (D.C. Cir. June 15, 2026)............................................................2, 3, 9

*District of Columbia v. Trump*,
  No. 25-cv-3005-JMC (D.D.C. Mar. 2, 2026)..........................................................8

*Doe 2 v. Shanahan*,
  917 F.3d 694 (D.C. Cir. 2019) ................................................................................4

*Nat'l Treasury Emps. Union v. Trump*,
  No. 1:25-cv-935 (D.D.C.) ........................................................................................8

*Nat'l Ass'n of the Deaf v. Trump*,
  No. 1:25-cv-01683-AHA (D.D.C. Nov. 24, 2025) ...................................................8

*Nken v. Holder*,
  556 U.S. 418 (2009) .............................................................................................3, 5

*Pettis ex rel. Martin v. District of Columbia*,
  662 F.3d 564 (D.C. Cir. 2011) ................................................................................3

*Sampson v. Murray*,
  415 U.S. 61 (1974) ...................................................................................................5

*Sys. Fed'n No. 91, Ry. Emps.' Dep't, AFL-CIO v. Wright*,
  364 U.S. 642 (1961) .................................................................................................3

*Talbott v. United States*,
  775 F. Supp. 3d 445 (D.D.C. Mar. 26, 2025) .........................................................3

*Tincher v. Mullin*,
  No. 0:25-cv-4669 (KMM/DTS), 2026 WL 948946 (D. Minn. Apr. 8, 2026) ...........1, 2, 11

*Tincher v. Noem*,
  No. 0:25-CV-4669 (KMM/DTS), 2026 WL 622745 (D. Minn. Mar. 5, 2026) ...........10, 11

*Univ. of Tex. v. Camenisch*,
  451 U.S. 390 (1981) ........................................................................................................................3

Statutes

28 U.S.C. § 1292(a)(1)........................................................................................................................6

50 U.S.C. § 1701 ................................................................................................................................4

50 U.S.C. § 1706................................................................................................................................4

## INTRODUCTION

Plaintiffs seek to dissolve a preliminary injunction they obtained on May 13, 2026, defended in response to stay motions in this Court and the court of appeals, and now seek to abandon only fifteen days after the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") substantially stayed that relief. This motion raises serious concerns that Plaintiffs seek to terminate appellate review of the preliminary injunction through strategic abandonment untethered to any material change in fact or law. Rather than a relevant change in circumstances, Plaintiffs' motion reflects only an unwillingness to live with the consequences of their own litigation choices. The motion fails on multiple, independent grounds.

First, they cannot satisfy their burden of demonstrating any genuine change in factual conditions or law. Ms. Francesca Albanese's ("Albanese") sanctions designation, the challenged Executive Order 14203 ("the Executive Order"), and the International Emergency Economic Powers Act ("IEEPA") remain wholly unchanged. And the D.C. Circuit's stay of the preliminary injunction is not a legally relevant change in conditions for purposes of considering whether the injunction should be dissolved. Second, Plaintiffs seek to escape appellate review through strategic abandonment of the preliminary injunction after the D.C. Circuit concluded that Defendants had satisfied the requirements for a stay pending appeal. The Court should not indulge such gamesmanship. *Acheson Hotels, Limited Liability Corporation v. Laufer* illustrates the Supreme Court's awareness of concerns regarding strategic abandonment after appellate proceedings are well underway. 601 U.S. 1, 9 (2023) (Thomas, J., concurring in the judgment). Third, the finding of mootness in *Tincher v. Mullin*, cited by Plaintiffs, rested on the termination of an objective governmental action to which the injunction applied. *See* No. 0:25-cv-4669 (KMM/DTS), 2026 WL 948946, at *4-5 (D. Minn. Apr. 8, 2026). Plaintiffs point to no such mooting event here. *See id.*

1

The timeline alone reveals Plaintiffs' procedural gamesmanship. On May 13, 2026, this Court granted the preliminary injunction. *Order*, ECF No. 49. Plaintiffs defended it vigorously against the government's stay motions. On June 15, 2026, the D.C. Circuit issued its partial stay order. Per Curiam Order at 2, Doc. No. 2178858, *Cali v. Trump*, No. 26-5172 (D.C. Cir. June 15, 2026). Fifteen days later, on June 30, 2026, Plaintiffs filed their motion to dissolve this Court's preliminary injunction. Pls.' Mot. to Dissolve the Court's May 13, 2026 PI ("Pls.' Mot. to Dissolve"), ECF No. 60. Despite the absence of any change in statute, facts, or governmental action, Plaintiffs seek to abandon the preliminary injunction only after the D.C. Circuit substantially stayed that relief. But Plaintiffs fail to identify any corresponding change in the underlying facts or governing law. Plaintiffs offer only speculative predictions about judicial scheduling and efficiency arguments, which do not constitute the significant change in factual conditions or law required for dissolution.

This Court should deny Plaintiffs' motion.

## BACKGROUND

On February 25, 2026, Plaintiffs filed their Complaint, ECF No. 1, and filed a motion for preliminary injunction. ECF No. 3. This Court granted Plaintiffs' motion for preliminary injunction on May 13, 2026. ECF No. 49. Subsequently, on May 15, 2026, Defendants filed a Notice of Appeal, ECF No. 50, and moved this Court for a stay of the preliminary injunction pending appeal, or, in the alternative, for a temporary administrative stay. ECF Nos. 51, 53. This Court denied Defendants' motion to stay. *See* Mem. Order, ECF No. 55.

Defendants then moved the D.C. Circuit for an emergency stay pending appeal. Emergency Mot. for an Immediate Admin. Stay and Stay Pending Appeal ("Mot. for Stay"), Doc. No. 2174442, *Cali v. Trump*, No. 26-5172 (D.C. Cir. May 21, 2026). A motions panel of the D.C. Circuit, composed of Judges Henderson, Katsas, and Childs, granted the stay, finding that appellants had satisfied the stringent requirements for a stay pending appeal under *Nken v. Holder*, 556 U.S. 418, 434 (2009). Per

Curiam Order, D.C. Cir. Doc. No. 2178858. The partial stay order was qualified by the condition that Defendants "may not take any action that violates the licenses regarding Massimiliano Cali ['Cali'] and L.C. issued by" the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"). Thus, the D.C. Circuit permitted Defendants to "implement and enforce the designation of" Albanese. *See id.* Subsequently, Plaintiffs filed the present Motion to Dissolve the Court's May 13, 2026 Preliminary Injunction on June 30, 2026, ECF No. 60.

**LEGAL STANDARD**

A preliminary injunction is an extraordinary remedy designed to preserve the status quo pending final resolution of a case on the merits. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Although district courts possess discretion to dissolve preliminary injunctions, that discretion is not unbounded and must be exercised consistently. *Sys. Fed'n No. 91, Ry. Emps.' Dep't, AFL-CIO v. Wright*, 364 U.S. 642, 647 (1961). "A party seeking" dissolution must make a threshold showing of "a significant change either in factual conditions or in law." *Talbott v. United States*, 775 F. Supp. 3d 445, 448-49 (D.D.C. Mar. 26, 2025) (citation omitted). Once changed circumstances are established, the Court must determine whether the change renders continued enforcement detrimental to the public interest. *Pettis ex rel. Martin v. District of Columbia*, 662 F.3d 564, 569 (D.C. Cir. 2011). The burden rests squarely on the party seeking dissolution. *Am. Council of the Blind v. Mnuchin*, 878 F.3d 360, 366 (D.C. Cir. 2017).

Federal Rule of Civil Procedure 62.1(a) creates a mechanism for district courts to consider motions for relief when a pending appeal divests district court jurisdiction. However, Rule 62.1 contemplates an "indicative ruling," a prospective signal to the appellate court, as opposed to direct action on matters under appellate review.

**ARGUMENT**

## I.    Plaintiffs Have Failed to Establish Any Significant Change in Factual Conditions or Law.

Plaintiffs bear the burden of demonstrating a significant change in factual conditions or law that would justify dissolution of the preliminary injunction. *See Doe 2 v. Shanahan*, 917 F.3d 694, 698 (D.C. Cir. 2019). They have failed to satisfy this burden. The factual predicates that this Court determined supported the preliminary injunction on May 13, 2026 remain entirely intact, and no intervening legal development has occurred that would alter the Court's analysis. Plaintiffs identify no new judicial decision (other than the D.C. Circuit's partial stay), legislative enactment, or regulatory action that would justify dissolving the preliminary injunction at this time. Per Curiam Order at 2, D.C. Cir. Doc. No. 2178858. The statutory architecture remains wholly unchanged: IEEPA, 50 U.S.C. §§ 1701-1706, remains unmodified; OFAC has not issued new regulations or amended its regulations with respect to the International Criminal Court-related sanctions; and there has been no intervening change in law. Plaintiffs' Motion to Dissolve the Court's May 13, 2026 Preliminary Injunction is therefore without legal foundation. *See* Pls.' Mot. to Dissolve.

### A.    Plaintiffs' Arguments That the Injunction No Longer Provides "Meaningful Interim Relief" Lacks Legal and Factual Merit.

As an initial matter, Plaintiffs are incorrect that the preliminary injunction no longer provides them any meaningful relief. Plaintiffs would have the benefit of that injunction if it is affirmed on appeal until final judgment. And even now the preliminary injunction provides them some relief because the D.C. Circuit's stay order included a requirement that Defendants "may not take any action that violates the licenses" that OFAC granted. Per Curiam Order at 2. Those licenses authorize, among other things, transactions "ordinarily incident and necessary to the sale of the condominium" in which Albanese has an interest; transactions "ordinarily incident and necessary to maintain and upkeep the Property"; and transactions "ordinarily incident and necessary to" Albanese's "role as the parent and

4

legal guardian of" L.C., including the "purchasing, making payment for, and receiving goods, services, and funds essential to the maintenance of" L.C. License No. ICC-EO14203-2025-1405217-1 § I, *L.C. v. Trump*, No. 1:26-cv-00688-RJL (D.D.C. Feb. 25, 2026), ECF No. 1-11; License No. ICC-EO14203-2025-1408722-1 § I, *L.C. v. Trump*, No. 1:26-cv-00688-RJL (D.D.C. Feb. 25, 2026), ECF No. 1-12. Without the preliminary injunction, OFAC would be free to rescind those licenses. Accordingly, the two specific OFAC licenses will remain in effect while the D.C. Circuit considers Defendants' appeal.

Even if the preliminary injunction did not have current effect, however, a stay pending appeal does not constitute grounds for dissolution. Plaintiffs' theory would effectively permit dissolution whenever a preliminary injunction is stayed pending appeal and transform an interlocutory stay order into a final determination that the preliminary injunction should be dissolved. But that is not the ordinary course. A stay preserves the status quo pending appellate review; it is not intended to end the preliminary injunction for good. *See Nken*, 556 U.S. at 429. Were Plaintiffs correct, every stay pending appeal could become a mechanism for eliminating the very injunction under review. Nothing in Rule 62.1, the mootness doctrine, or preliminary injunction practice supports that result.

In fact, Plaintiffs occupy no different procedural posture than countless other litigants whose preliminary injunctions have been stayed pending appeal. Interlocutory appellate review of preliminary injunctions is a routine aspect of federal litigation. *See Sampson v. Murray*, 415 U.S. 61, 86 n.15 (1974) (recognizing that 28 U.S.C. § 1292(a)(1) authorizes interlocutory review of preliminary injunctions). Yet it has never been the ordinary course to dissolve a preliminary injunction and dismiss an interlocutory appeal when a court stays the injunction pending appeal. Plaintiffs cite no case in which a court permitted a district court to dissolve a preliminary injunction and moot a pending interlocutory appeal following a stay simply because the stay deprived the injunction of its immediate practical effect. Even if there is such a case, it is far from the norm. A stay preserves the status quo while the court of appeals resolves the merits of the interlocutory appeal. Under Plaintiffs' approach, however, a stay

5

would become a mechanism for eliminating appellate review altogether, allowing plaintiffs to abandon the injunction whenever appellate developments appear unfavorable while preserving their claims for relitigation at final judgment.

Plaintiffs are plainly engaged in procedural gamesmanship to avoid an adverse ruling from the D.C. Circuit. It is a plaintiff's strategic litigation choice whether to seek a preliminary injunction. If a plaintiff does so successfully, it is the defendant's statutory right to appeal. *See* 28 U.S.C. § 1292(a)(1). In such circumstances, the plaintiff must live with the risk that the court of appeals will reverse the injunction and create precedent or law of the case that will bind this Court as it proceeds. Plaintiffs should not be permitted to avoid those consequences at the first hint of trouble. Permitting a plaintiff to dissolve a preliminary injunction in these circumstances would encourage plaintiffs to use stay proceedings as a screening device, continuing to defend the injunction if a stay decision indicates that they are likely to prevail, but seeking to dissolve the injunction if the stay decision indicates they are likely to lose. And if, as here, the same appellate panel may retain assignment of the case through the merits, such a rule would invite improper procedural gamesmanship, and even panel-shopping. The Court should not permit such gamesmanship by allowing plaintiffs to dissolve an injunction and moot an appeal based solely on the fact that the injunction has been stayed.

Most importantly, allowing parties to dissolve preliminary injunctions based on optimistic predictions about final judgment timing would create incentives for the type of strategic litigation conduct that members of the Supreme Court have cautioned may undermine appellate review. *Acheson Hotels*, 601 U.S. at 5; *id.* at 9 (Thomas, J., concurring in the judgment). In *Acheson Hotels*, the Court concluded that the case had become moot while acknowledging concerns about manipulation of its jurisdiction. *Id.* Justice Thomas, concurring in the judgment, separately concluded that the circumstances "strongly suggest[ed] strategic behavior" because the plaintiff voluntarily dismissed her claims after the case was "well underway." *Id.* (Thomas, J., concurring in the judgment).

If Plaintiffs' theory were accepted, litigants would have an incentive to pursue the following sequence: (1) seek interim relief; (2) obtain a favorable preliminary injunction; (3) defend that injunction against stay motions; (4) if appellate developments suggest that continued review has become less advantageous, including if the plaintiff learns of an unfavorable appellate panel, move to dissolve the injunction based on predictions about litigation timing; and (5) thereby avoid appellate review of the preliminary injunction while preserving the ability to relitigate the underlying claims on the merits. Such incentives raise the same concerns regarding strategic abandonment that underlie the voluntary cessation doctrine. Although this case arises in a different procedural posture from *Acheson Hotels*, it implicates similar concerns regarding the strategic termination of appellate review. *See id.*

The temporal sequence of Plaintiffs' conduct strongly supports an inference of strategic litigation behavior. On May 13, 2026, this Court granted Plaintiffs' preliminary injunction. ECF No. 49. Plaintiffs defended it vigorously against the government's stay motions. Subsequently, on June 15, 2026, the D.C. Circuit substantially stayed the preliminary injunction. Per Curiam Order at 2, D.C. Cir. Doc. No. 2178858. Precisely fifteen days later, on June 30, 2026, Plaintiffs filed this instant motion to dissolve the Court's preliminary injunction. ECF No. 60. This compressed sequence raises the concern that litigants may strategically abandon interim relief after appellate proceedings have progressed.

Permitting such dissolution would invite plaintiffs to no longer defend interim relief out of genuine concern about irreparable harm but rather to defend it strategically based on their prediction of appellate receptiveness. If a favorable preliminary injunction is stayed by a panel of the court of appeals, plaintiffs can seek dissolution of the injunction and seek the same relief at the permanent injunction stage, hoping to draw a more favorable panel upon appeal from that final judgment. This form of procedural gamesmanship raises the concerns that underlie the voluntary cessation doctrine

and the Supreme Court's reluctance to permit litigants to evade judicial review through strategic abandonment.

**B. Plaintiffs' Assumption That This Court's Final Judgment Will Precede an Appellate Decision Is Speculative and Cannot Justify Preemptive Dissolution.**

Plaintiffs contend that this case will reach final judgment before the preliminary injunction appeal can be finally resolved and that appellate proceedings are therefore a waste of party and court resources. But such predictions about the relative pace of district-court and appellate court proceedings are speculative, at best, and fail to satisfy the demanding standard for a genuine change in circumstances necessary for dissolution. *See* Mem. Of P. & A. in Support of Pls.' Mot. to Dissolve at 6-8 ("Mem. Of P. & A."), ECF No. 60-1.

As an initial matter, Defendants' position is that proceedings in this Court should be stayed pending resolution of the interlocutory appeal because a decision from the D.C. Circuit is likely to substantially assist this Court in resolving the merits of the case. Indeed, district courts regularly stay proceedings pending appeal of a preliminary injunction. *See, e.g., District of Columbia v. Trump*, No. 25-cv-3005-JMC, slip op. at 1-2 (D.D.C. Mar. 2, 2026) (staying proceedings pending interlocutory appeal because the D.C. Circuit's decision "may be informed by the Circuit's reasoning" on threshold issues and concluding that "it would be unproductive for the Parties to brief issues before this Court before the Circuit has issued its decision"); *Nat'l Treasury Emps. Union v. Trump*, No. 1:25-cv-935 (D.D.C) (minute entry of Dec. 22, 2025 (staying all proceedings and holding cross motions for summary judgment in abeyance pending the D.C. Circuit's anticipated decision); *Nat'l Ass'n of the Deaf v. Trump*, No. 1:25-cv-01683-AHA (D.D.C. Nov. 24, 2025) (directing the parties to file a joint status report proposing next steps within five days after the D.C. Circuit's decision in the pending interlocutory appeal). As Defendants will explain in their forthcoming motion to stay proceedings, which they plan to file this week, permitting the D.C. Circuit to render a final decision before the parties engage in

further proceedings, including potential summary judgment briefing, will conserve Court and party resources and thereby promote judicial economy. In contrast, eliminating interlocutory review based on speculation about the timing of a final decision by the D.C. Circuit would deprive both this Court and the parties of the benefit of that appellate guidance and would thereby undermine judicial economy.

Even if this Court declines to stay proceedings pending appeal, however, it is still far from certain that this case will reach final judgment before the D.C. Circuit resolves the interlocutory appeal. Plaintiffs' prediction to the contrary rests on a series of assumptions about the future course of this litigation that are far from certain. Defendants' motion to dismiss has yet to be resolved, and merits briefing alone is likely to require substantial time. If the motion is denied, Defendants expect they will be required to produce an administrative record. This Court will likely establish a schedule for cross-motions for summary judgment, which will require multiple rounds of briefing before the case is ripe for disposition. Additional motions practice, including Plaintiffs' motion seeking dissolution of the preliminary injunction, will only further extend the proceedings.

Plaintiffs' assertion that this case can proceed rapidly to final judgment is further undermined by factual issues that may still be unresolved. Plaintiffs are inconsistent on this point. They first contend that this Court can "quickly move to a final resolution" because the case is "limited and administrative in nature" and the "case-dispositive facts are straightforward[.]" *Id.* at 7. Yet a few pages later, they represent that they "are prepared to develop the record" in this Court. *Id.* at 13. Defendants do not concede that any additional factual development would be necessary or would shore up Plaintiffs' deficient legal positions. As Judge Katsas explained at the stay stage, even assuming Plaintiffs' newly asserted factual premise "that Albanese was sanctioned in part for speech in the United States," that premise did not alter his conclusion that Plaintiffs were unlikely to succeed on their First Amendment claim. *See* Per Curiam Order at 7-8 (Katsas, J., concurring), No. 26-5172 (D.C.

9

Cir. June 15, 2026). But regardless, any further factual development would likely need to include inquiry into substantial factual questions regarding Plaintiffs' standing, which they have not established at the pleading stage. The bottom line is that any potential for additional record development demonstrates that Plaintiffs cannot reliably predict that this case will proceed to final judgment on the expedited timetable they posit. Put simply, their prediction rests on speculation.

Meanwhile, proceedings in the D.C. Circuit could move quickly, and the government would even be amenable to an expedited briefing schedule in the appeal. Briefing could be concluded within just two to three months, oral argument could be scheduled for the fall, and the Court could issue a decision shortly thereafter. It is Plaintiffs' motion to hold the appeal in abeyance, rather than anything inherent in the appeal, that is currently slowing proceedings in the D.C. Circuit. Indeed, even if proceedings continue in parallel, the preliminary injunction appeal could readily be resolved before this Court enters final judgment, and a decision from the D.C. Circuit may substantially assist this Court in resolving the merits by clarifying or narrowing the issues that remain central to this litigation, thereby promoting judicial economy.

### C. *Tincher* Is Materially Distinguishable and Does Not Support Dissolution.

Plaintiffs' reliance on *Tincher* is misplaced because, unlike in *Tincher*, the preliminary injunction here has not become moot. *See* Pls.' Mot. to Dissolve at 6-8. The challenged governmental conduct remains ongoing: the Executive Order remains in effect; OFAC continues to enforce the challenged sanctions against Albanese; and Defendants continue to defend the designation on appeal. Mootness therefore provides no basis for dissolving the preliminary injunction here.

The situation in *Tincher v. Noem*, No. 0:25-CV-4669 (KMM/DTS), 2026 WL 622745 (D. Minn. Mar. 5, 2026), which Plaintiffs rely upon, *see* Pls.' Mot. to Dissolve at 6-7, was materially different from the facts of this case. There, the district court dissolved the preliminary injunction only after concluding that the injunction had become moot due to objective governmental action. Specifically,

10

the district court enjoined certain federal agents engaged in an immigration-enforcement operation from certain conduct. *Noem*, 2026 WL 622745, at *1. On plaintiffs' motion, the district court first indicated that it would dissolve the preliminary injunction and then, upon remand from the United States Court of Appeals for the Eighth Circuit, it did so because it found the injunction had become moot when the relevant immigration-enforcement operation had ended. *Id.* at *3; *Tincher*, 2026 WL 948946, at *3. The district court thus dissolved the injunction because it found external events had rendered it moot, not because the Eighth Circuit had stayed the injunction pending appeal.

In this case, it is clear that the preliminary injunction is not moot because the government continues to implement and enforce the sanctions against Albanese; the injunction's effect simply has been stayed pending appeal. The Executive Order remains in effect. Albanese's designation has not been rescinded, and OFAC continues to implement and enforce the challenged sanctions. Plaintiffs identify no intervening governmental action, change in law, or other objective event that has rendered the preliminary injunction moot. Instead, they seek dissolution solely because the D.C. Circuit substantially stayed the injunction pending appeal and because they now prefer to proceed directly to final judgment. That is not what occurred in *Tincher*, and Tincher provides no support for dissolving the injunction here.

## CONCLUSION

For these reasons, Plaintiffs' motion to dissolve the preliminary injunction should be denied.


July 14, 2026                                    *Respectfully submitted,*

                                                 BRETT A. SHUMATE
                                                 Assistant Attorney General
                                                 Civil Division

                                                 ERIC J. HAMILTON
                                                 Deputy Assistant Attorney General

11

ELIZABETH HEDGES
Senior Counsel to the Assistant Attorney General
Civil Division

STEPHEN M. ELLIOTT
Assistant Branch Director

*/s/ Kian K. Azimpoor*
KIAN K. AZIMPOOR (DC Bar No. 90024613)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel: (202) 598-0860
Fax: (202) 616-8470
Email: kian.k.azimpoor@usdoj.gov

*Counsel for Defendants*

12