**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| L.C., a minor child, by and through her father MASSIMILIANO CALI,<br><br>MASSIMILIANO CALI,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>DONALD J. TRUMP, *in his official capacity as President of the United States, et al.*<br><br>    *Defendants.* | Civil Action No. 1:26-cv-00688-RJL |

**DEFENDANTS' MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING APPEAL**

**INTRODUCTION**

Defendants respectfully move to stay district court proceedings pending resolution of the interlocutory appeal before the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit").[1]

This Court possesses broad discretion to stay proceedings in the interest of judicial economy. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997). The pending appeal before the D.C. Circuit presents, among other issues, whether Ms. Francesca Albanese ("Albanese"), a nonresident alien residing abroad, may invoke the protections of the First Amendment. The D.C. Circuit's decision is likely to provide significant guidance on that issue and materially simplify or narrow the proceedings before this Court. In a concurrence to the unanimous

---

[1] Pursuant to Local Civil Rule 7(m), counsel for Defendants conferred with counsel for Plaintiffs regarding the relief requested in this motion. Plaintiffs stated that they oppose the requested relief.

order staying the preliminary injunction pending appeal, Judge Katsas, joined by Judge Henderson, explained that the "[First] Amendment does not extend to the speech of aliens abroad" and that "the First Amendment claim that the plaintiffs seek to raise on Albanese's behalf lacks merit[.]" *Cali v. Trump*, No. 26-5172, 2026 WL 1765953 (D.C. Cir. June 15, 2026). This concurrence underscores that the appeal presents substantial legal questions concerning the issues that the parties and this Court will have to confront as this litigation proceeds. *See id.*

Proceeding simultaneously in this Court risks requiring the parties and the Court to devote substantial resources to merits briefing while the D.C. Circuit resolves the appeal from this Court's preliminary injunction order. A temporary stay will conserve judicial and party resources by avoiding proceedings that the pending appeal may materially simplify or narrow. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740-43 (2023) (recognizing that a stay pending interlocutory appeal may prevent the parties and the district court from expending resources on proceedings that appellate review may ultimately render unnecessary).

Plaintiffs, meanwhile, will suffer no material prejudice from a temporary stay pending a decision that is already under appellate consideration, especially given that the specific licenses issued by the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") will remain in place, pursuant to the order issued by the D.C. Circuit. Indeed, Plaintiffs have themselves argued that continued dual-track litigation "duplicates proceedings and needlessly increases the parties' costs" while the parties proceed toward a final resolution on the merits. Pls.' Mot. to Dissolve at 15, ECF No. 60-1. But having sought and obtained extraordinary preliminary relief, Plaintiffs cannot avoid appellate review of that relief by seeking to dissolve the preliminary injunction after Defendants exercised their statutory right to appeal. *See* 28 U.S.C. § 1292(a)(1); *see also* ECF No. 61. A temporary stay will preserve the ordinary course of appellate review while promoting judicial economy.

The Court should therefore stay further proceedings pending resolution of the interlocutory appeal.

## BACKGROUND

On February 25, 2026, Plaintiffs filed their Complaint, ECF No. 1, and filed a motion for preliminary injunction. ECF No. 3. This Court granted Plaintiffs' motion for preliminary injunction on May 13, 2026. ECF No. 49. Subsequently, on May 15, 2026, Defendants filed a Notice of Appeal, ECF No. 50, and moved this Court for a stay of the preliminary injunction pending appeal, or, in the alternative, for a temporary administrative stay. ECF Nos. 51, 53. This Court denied Defendants' motion to stay. *See* Mem. Order, ECF No. 55.

Defendants then moved the D.C. Circuit for an emergency stay pending appeal. Emergency Mot. for an Immediate Admin. Stay and Stay Pending Appeal ("Mot. for Stay"), Doc. No. 2174442, *Cali v. Trump*, No. 26-5172 (D.C. Cir. May 21, 2026). A motions panel of the D.C. Circuit, composed of Judges Henderson, Katsas, and Childs, granted the stay, finding that appellants had satisfied the stringent requirements for a stay pending appeal under *Nken v. Holder*, 556 U.S. 418, 434 (2009). Per Curiam Order, D.C. Cir. Doc. No. 2178858. The partial stay order was qualified by the condition that Defendants "may not take any action that violates the licenses regarding Massimiliano Cali ['Cali'] and L.C. issued by" OFAC. *Id.* Thus, the D.C. Circuit permitted Defendants to "implement and enforce the designation of" Albanese. *See id.* Subsequently, Plaintiffs filed a Motion to Dissolve the Court's May 13, 2026 Preliminary Injunction on June 30, 2026, ECF No. 60.

## LEGAL STANDARD

A district court has inherent authority to manage its docket, including by staying proceedings when doing so promotes "economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254-55; *see also Clinton*, 520 U.S. at 706. In exercising that discretion, courts consider the potential prejudice that may result from a stay, the hardship or inequity a party may suffer if required

to proceed, and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A stay may therefore be appropriate pending resolution of related proceedings that bear upon the case, even if those proceedings are not necessarily controlling. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Courts in this District likewise recognize that a stay is appropriate when related appellate proceedings are likely to simplify or materially affect the issues remaining before the district court. *See Philipp v. Federal Republic of Germany*, 253 F. Supp. 3d 84, 88 (D.D.C. 2017). And if an interlocutory appeal may materially affect the course of the district court proceedings, a stay may save the parties and the court from expending resources on litigation that appellate review may ultimately render unnecessary. *See Coinbase*, 599 U.S. at 740-43.

## ARGUMENT

### I.    The D.C. Circuit's Decision Is Likely to Materially Simplify or Narrow the Proceedings Before This Court.

This Court granted preliminary injunctive relief after concluding that Plaintiffs were likely to succeed on their First Amendment claim, holding that Albanese likely enjoys First Amendment protection based on her alleged substantial connections to the United States and that Plaintiffs therefore demonstrated a likelihood of success on the merits. Mem. Op. at 15-22, ECF No. 48. The pending appeal places that threshold constitutional question before the D.C. Circuit: whether a nonresident alien residing abroad may invoke the protections of the First Amendment based on alleged substantial connections to the United States. *See* Emergency Mot. for Stay at 15–21, No. 26-5172. The D.C. Circuit's resolution of that issue is likely to provide significant guidance and may materially simplify or narrow the issues remaining before this Court, including both the merits of Plaintiffs' First Amendment theory and Plaintiffs' other constitutional claims. Even if the D.C. Circuit ultimately affirms this Court's preliminary injunction, a decision on appeal is likely to clarify the proper

4

scope of relief to which Plaintiffs may be entitled at final judgment. The government has argued on appeal that the preliminary injunction sweeps beyond the relief necessary to redress Plaintiffs' asserted injuries, *see id.*, and a decision on that issue will also inform the potential scope of any permanent injunction.

The D.C. Circuit panel has already unanimously concluded that Defendants "satisfied the stringent requirements for a stay pending appeal." *Cali*, 2026 WL 1765953, at 2. Judge Katsas, joined by Judge Henderson, separately explained his view that the "[First] Amendment does not extend to the speech of aliens abroad" and that "the First Amendment claim that the plaintiffs seek to raise on Albanese's behalf lacks merit[.]" *Id.* at 3, 10 (Katsas, J., concurring). The stay and concurrence underscore that the appeal concerns significant legal questions as to the basis for the preliminary injunction. *See id.*

Proceeding simultaneously in this Court would require the parties and the Court to devote additional resources to proceedings while the D.C. Circuit considers more fully key legal issues underlying this Court's preliminary injunction. Judicial economy favors permitting the D.C. Circuit to resolve those issues before the parties and this Court undertake further proceedings that the appellate decision may materially simplify or narrow. *See Landis*, 299 U.S. at 254-55 (recognizing a district court's authority to stay proceedings to promote the "economy of time and effort for itself, for counsel, and for litigants"); *see also Coinbase*, 599 U.S. at 740-43 (recognizing that a stay pending interlocutory appeal may prevent the parties and the district court from expending resources on proceedings that appellate review may ultimately render unnecessary). A temporary stay will permit this Court to proceed with the benefit of the D.C. Circuit's guidance regarding the legal issues presented on appeal.

## II.     A Stay Will Conserve Judicial Resources and Promote the Orderly Administration of Justice.

The Court possesses inherent authority to stay proceedings to promote "economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. That authority is appropriately exercised when a pending appeal may materially affect the course of the remaining proceedings and a stay will avoid the unnecessary expenditure of judicial and party resources. *See id.* at 254-55; *see, e.g.,* *District of Columbia v. Trump*, No. 25-cv-3005-JMC, slip op. at 1-2 (D.D.C. Mar. 2, 2026) (staying proceedings pending interlocutory appeal because the court's decision "may be informed by the [D.C.] Circuit's reasoning" on threshold issues and concluding that "it would be unproductive for the Parties to brief issues before this Court before the [D.C.] Circuit has issued its decision"); *Nat'l Treasury Emps. Union v. Trump*, No. 1:25-cv-935 (D.D.C.) (minute entry of Dec. 22, 2025) (staying all proceedings and holding cross motions for summary judgment in abeyance pending the D.C. Circuit's anticipated decision); *Nat'l Ass'n of the Deaf v. Trump*, No. 1:25-cv-01683-AHA (D.D.C. Nov. 24, 2025) (directing the parties to file a joint status report proposing next steps within five days after the D.C. Circuit's decision in the pending interlocutory appeal); *Coinbase*, 599 U.S. at 740-43 (recognizing that a stay pending interlocutory appeal may prevent the parties and the district court from expending resources on proceedings that appellate review may ultimately render unnecessary).

Here, absent a stay, the parties and this Court would proceed with merits litigation while the D.C. Circuit considers the legal issues underlying this Court's preliminary injunction. The D.C. Circuit's decision is likely to inform the course of the remaining proceedings and may materially simplify or narrow the issues that this Court and the parties will address on the merits. A temporary stay will conserve judicial and party resources by permitting the D.C. Circuit to resolve the pending appeal before this Court proceeds further and will provide the Court and parties with the benefit of the D.C. Circuit's guidance regarding the issues presented on appeal.

6

### III.    A Temporary Stay Will Not Materially Prejudice Plaintiffs and Will Preserve the Ordinary Course of Appellate Review.

A temporary stay will not materially prejudice Plaintiffs. As Judge Katsas explained in his opinion concurring in the stay order, Plaintiffs have "lived outside the United States for over a decade, now live[] in Tunisia, and ha[ve] expressed no concrete plans or desire to travel to the United States during the time this appeal runs its course." Stay Order 10 (Katsas, J., concurring). And "[a]s for L.C.'s interest in support from her mother, the government has largely accommodated that" interest by issuing a license that permits "'transactions . . . that are ordinarily incident and necessary' to Albanese's 'role as the parent and legal guardian' of L.C., including the purchase, payment, and receipt of 'goods, services, and funds essential to the maintenance' of L.C." *Id.* The D.C. Circuit has further accommodated this interest by requiring that Defendants "not take any action that violates the licenses" while the appeal remains pending. *Id.* at 2.

Of course, a temporary stay of proceedings while the D.C. Circuit considers the interlocutory appeal does not foreclose Plaintiffs from pursuing the merits of their claims once the D.C. Circuit resolves the pending appeal. Indeed, Plaintiffs themselves contend that continued litigation over the preliminary injunction "duplicates proceedings and needlessly increases the parties' costs" while the parties proceed toward a final resolution on the merits. Pls.' Mot. to Dissolve at 1, 15, ECF No. 60-1. A temporary stay advances the interest in judicial economy by permitting the D.C. Circuit to resolve the pending appeal before this Court and the parties devote additional resources to merits proceedings, while not encouraging the gamesmanship of Plaintiffs' attempt to avoid appellate review of the preliminary injunction.

Plaintiffs' motion to dissolve likewise supports a temporary stay. Only after the D.C. Circuit granted Defendants' motion for a stay pending appeal did Plaintiffs move to dissolve the preliminary injunction. Per Curiam Order at 2, D.C. Cir. Doc. No. 2178858; Pls.' Mot. to Dissolve, ECF No. 60.

But having chosen to seek—and having obtained—extraordinary preliminary relief, Plaintiffs cannot

avoid appellate review of that relief by seeking to dissolve the preliminary injunction after Defendants

exercised their statutory right to interlocutory appeal. *See* 28 U.S.C. § 1292(a)(1). Once the D.C. Circuit

resolves the pending appeal, this Court can proceed with the benefit of the D.C. Circuit's guidance

regarding the issues presented on appeal.

## CONCLUSION

For these reasons, Defendants respectfully request that this Court stay further proceedings in

this case pending appeal before the D.C. Circuit.[2]

July 15, 2026                                    *Respectfully submitted,*

                                                 BRETT A. SHUMATE
                                                 Assistant Attorney General
                                                 Civil Division

                                                 ERIC J. HAMILTON
                                                 Deputy Assistant Attorney General

                                                 ELIZABETH HEDGES
                                                 Senior Counsel to the Assistant Attorney General
                                                 Civil Division

                                                 STEPHEN M. ELLIOTT
                                                 Assistant Branch Director

                                                 */s/ Kian K. Azimpoor*
                                                 KIAN K. AZIMPOOR (DC Bar No. 90024613)
                                                 Trial Attorney
                                                 United States Department of Justice
                                                 Civil Division, Federal Programs Branch
                                                 1100 L Street NW
                                                 Washington, DC 20005
                                                 Tel: (202) 598-0860

---

[2] As required by the current schedule, Defendants are filing their motion to dismiss this week. However, Defendants respectfully request that the Court defer consideration of that motion until after the current appeal is resolved.

Fax: (202) 616-8470
Email: kian.k.azimpoor@usdoj.gov

*Counsel for Defendants*