**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| L.C., a minor child, by and through her father MASSIMILIANO CALI,<br><br>MASSIMILIANO CALI,<br><br>       *Plaintiffs*,<br><br>       v.<br><br>DONALD J. TRUMP, *in his official capacity as President of the United States, et al.*<br><br>       *Defendants.* | Civil Action No. 1:26-cv-00688-RJL |

**DEFENDANTS' MOTION FOR RELIEF FROM LOCAL CIVIL RULE 7(n)(1)'s
REQUIREMENTS AND MEMORANDUM IN SUPPORT**

Defendants respectfully request that the Court waive the requirement under Local Civil Rule ("LCvR") 7(n)(1), to the extent it applies here, to "file a certified list of the contents of the administrative record . . . simultaneously with the filing of a dispositive motion." LCvR 7(n)(1) facilitates judicial review when resolution of a dispositive motion turns on an administrative record. Defendants' motion to dismiss, filed today, does not require the Court to review an administrative record. Instead, it raises a threshold jurisdictional issue—standing—that the Court must resolve before reaching the merits, and it argues that the Complaint fails to state a claim. Those issues can be decided without an administrative record, and compliance with LCvR 7(n)(1) would not aid the Court's resolution of the pending motion. Thus, the Court should waive LCvR 7(n)(1)'s requirements in this case.[1]

---

[1] Pursuant to LCvR 7(m), Defendants conferred with counsel for Plaintiffs regarding the relief requested in this motion. Plaintiffs indicated that they oppose the requested relief.

The "general practice" in this District is to waive LCvR 7(n)(1)'s requirements when the AR "is not necessary for the court's decision." *Arab v. Blinken*, 600 F. Supp. 3d 59, 65 n.2 (D.D.C. 2022) (cleaned up); *see also, e.g.*, *Connecticut v. U.S. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018); *Mdewakanton Sioux Indians of Minn. v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017); *PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014); *E. Atl. Servs. & Trading LLC v. Mayorkas*, No. 23-1946 (RJL), 2024 WL 4332554, at *6 (D.D.C. Sept. 27, 2024); *Patterson v. Haaland*, No. 1:21-cv-02391 (RC), 2022 WL 4534685, at *1 & n.2 (D.D.C. Sept. 28, 2022); *Carroll v. Off. of Fed. Contract Compliance Progs., U.S. Dep't of Labor*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017); *Diakanua v. Rubio*, No. 24-1027 (TJK), 2025 WL 958271, at *11 n.10 (D.D.C. Mar. 31, 2025); *Sharifymoghaddam v. Blinken*, No. 1:23-cv-1472-RCL, 2023 WL 8047007, at *3 (D.D.C. Nov. 17, 2023). Neither an administrative record nor a certified list of its contents is necessary for resolution of the motion to dismiss here. Defendants move to dismiss on several grounds, including lack of Article III standing under Rule 12(b)(1). The standing arguments present threshold jurisdictional questions that, if resolved in Defendants' favor, dispose of the case without requiring the Court to consider the merits. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (citation omitted)); *Al-Zahrani v. Rodriguez*, 669 F.3d 315, 318 (D.C. Cir. 2012) ("Because a federal court without jurisdiction cannot perform a law-declaring function in a controversy, the Supreme Court has held that Article III jurisdiction is always an antecedent question to be answered prior to any merits inquiry." (cleaned up)). If the Court dismisses the case on standing grounds, preparation and certification of administrative records by the agencies would prove unnecessary.

Providing an administrative record or list of its contents is also not necessary to the Court's resolution of Defendants' arguments for dismissal of all claims under Rule 12(b)(6). Those arguments

are based on the Complaint's allegations and can be adjudicated with reference to those allegations and without reference to an administrative record. In sum, principles of judicial economy and justiciability favor waiving LCvR 7(n)(1)'s requirements because the Court can and should resolve the pending motion without reviewing an administrative record.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion for relief from LCvR 7(n)(1)'s requirements.

July 15, 2026

*Respectfully submitted,*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

*/s/ Elizabeth Hedges*
ELIZABETH HEDGES (D.C. Bar No. 1657707)
Senior Counsel to the Assistant Attorney General
Civil Division
United States Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530
Tel: (202) 616-0929
Fax: (202) 514-8071
Email: Elizabeth.T.Hedges@usdoj.gov

STEPHEN M. ELLIOTT
Assistant Branch Director

KIAN K. AZIMPOOR
Trial Attorney
Civil Division, Federal Programs Branch

*Counsel for Defendants*