# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| L.C., a minor child, by and through her father MASSIMILIANO CALI, | ) | CIVIL ACTION |
| | ) | |
| MASSIMILIANO CALI, | ) | No. 1:26-cv-00688-RJL |
| *Plaintiffs*, | ) | |
| *v.* | ) | |
| | ) | DATE: July 24, 2026 |
| DONALD J. TRUMP, *et al.*, | ) | |
| *Defendants*. | ) | |

**CORRECTED PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING APPEAL**

**INTRODUCTION**

This Court should deny Defendants' motion to stay this case. When a party takes an interlocutory appeal from a preliminary injunction, the case "is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered." *Ex parte Nat'l Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906). Defendants have made no showing that a stay is warranted, not the least an indefinite stay, and the prejudice to Plaintiffs and the orderly adjudication of this dispute will be substantial.

Defendants seek an open-ended stay without identifying a single hardship they will endure, while Plaintiffs absorb harms this Court has found "concrete" and "irreparable" each day final judgment is deferred. Dkt. 55, at 3. Defendants also fail to identify a concrete benefit that staying proceedings here will offer beyond their speculation that the D.C. Circuit might offer "guidance" on "whether Ms. Francesca Albanese ('Albanese'), a nonresident alien residing abroad, may

invoke the protections of the First Amendment." Mot.1. As Plaintiffs explained in their motion to dissolve the preliminary injunction, Defendants' interlocutory appeal cannot even offer that much. The Circuit has no record on which to make any of the findings that Defendants now contend are necessary to resolving that question. Dkt. 60 at 10–11. And even if a decisive ruling on that issue were forthcoming, the First Amendment is only one of seven substantive grounds for relief alleged in the complaint.

The motion should be denied.

**ARGUMENT**

**I. An Appeal from a Preliminary Injunction Does Not Suspend the Merits.**

A notice of appeal transfers to the court of appeals only "those aspects of the case involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)); *see also Garner v. United States*, No. 25-5335, 2026 WL 69397, at *2 (D.C. Cir. Jan. 8, 2026). The only order of this Court presently on appeal is a now-stayed preliminary injunction, which Plaintiffs have asked this Court to dissolve. Even if this Court denies that motion, and even if the Circuit decides to press forward with Defendants' interlocutory appeal of that injunction, "the proceedings in other respects in the court below shall not be stayed" absent a compelling reason, because Congress' limited grant of a right to appeal a preliminary injunction did not intend "that the cause as a whole should be transferred to the appellate court prior to the final decree." *Nat'l Enameling*, 201 U.S. at 161–62 (quoting and construing the predecessor of 28 U.S.C. § 1292(a)(1)); *see also Wisconsin Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006) (Easterbrook, J.) ("[A]n appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision.").

Defendants' own authorities decide their motion against them. Defendants generically invoke "judicial economy" and cite *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936), and *Clinton v. Jones*, 520 U.S. 681 (1997), as their lead cases. Mot.5. They fail to once mention, however, that both cases *reversed* stays that trial courts had entered for far more compelling reasons than Defendants offer this Court. *Landis* did so because the movant failed to "make out a clear case of hardship or inequity in being required to go forward," *Landis*, 299 U.S. at 255, and condemned as "immoderate and hence unlawful" any stay not "framed in its inception" to end "within reasonable limits." *Id.* at 257. *Clinton* did so because "[t]he proponent of a stay bears the burden of establishing its need," and that a "lengthy and categorical stay" which "takes no account whatever of the [plaintiff's] interest in bringing the case to trial" is an abuse of discretion. *Clinton*, 520 U.S. at 707–08.

Defendants make no claim of "hardship or inequity," let alone a "need" to stay these proceedings. The opinions Defendants cite in which trial proceedings were stayed pending the outcome of interlocutory appellate litigation all involve legal questions that were dispositive to whether the litigation should proceed at all. In *Coinbase*, a stay was mandatory because the appeal contested "whether the case belongs in arbitration or instead in the district court," such that "the entire case" was "essentially 'involved in the appeal,'" and litigating would have "irretrievably lost" the very benefits the appeal existed to secure. 599 U.S. at 741, 743. Likewise, *Philipp* stayed proceedings pending an appeal from the denial of foreign sovereign immunity after certifying every remaining threshold defense into the same appeal under 28 U.S.C. § 1292(b). *See Philipp v. Federal Republic of Germany*, 253 F. Supp. 3d 84 (D.D.C. 2017). In both cases, proceeding would have destroyed the very right being asserted on appeal.

The most Defendants can muster is the claim that "the appeal concerns significant legal questions as to the basis for the preliminary injunction." Mot.5. But as Plaintiffs argued in their motion to dissolve that same preliminary injunction, Defendants already hold everything a successful appeal could award them by virtue of the Circuit's stay, including a statement from Judge Katsas endorsing their revised view of the First Amendment that will offer as much "guidance" as any ruling. Dkt 59 at 9–11. Granting a stay will only protract this litigation, impose substantial costs on Plaintiffs, and effectively immunize Defendants from judicial review indefinitely as they continue to daily harm Plaintiffs.

**II. A Stay Would Squander Judicial Resources, Not Conserve Them.**

The only rationale for entering a stay that Defendants offer this Court are generic invocations of "judicial economy." Mot.1–2, 5, 7. But such a general "appeal to 'economy' ... prove[s] too much." *Dellinger v. Mitchell*, 442 F.2d 782, 787 (D.C. Cir. 1971). "[A] possible adverse ruling to plaintiffs on interlocutory appeal is a risk inherent in a common-law legal system where a court of review may change or clarify precedent." *Urban Sustainability Directors Network v. U.S. Department of Agriculture*, No. CV 25-1775 (BAH), 2026 WL 1500832, at *6 n.8 (D.D.C. May 29, 2026). Defendants' arguments "would support a district court stay … whenever the same question is involved before another court." *Dellinger*, 422 F.3d at 787. "If courts stayed litigation every time there was the possibility that new, persuasive authority might arise to clarify issues, the judiciary would grind to a halt." *Lee v. Great Am. Life Ins. Co.*, No. 20-cv-1133 (SPG), 2024 WL 2209775, at *3 (C.D. Cal. Feb. 16, 2024).

A stay only serves judicial economy when an interlocutory appeal will resolve dispositive issues. "If it were certain that the D.C. Circuit's resolution of the interlocutory appeal would resolve this case, then there would be a strong argument for staying the case pending that decision."

*Wrenn v. District of Columbia*, 179 F. Supp. 3d 135, 139 (D.D.C. 2016); *see Banks v. Booth*, No. 20-cv-849, 2021 WL 1634466, at *2 (D.D.C. Apr. 26, 2021) (denying a stay of the government's response to the complaint and of discovery during its appeal of a preliminary injunction where the government "do[es] not explain how, even if the appellate court were to reverse the preliminary injunction, a reversal would make [the interim proceedings] unnecessary or different in scope"). But here, there is no set of circumstances under which the resolution of Defendants' interlocutory appeal will do so. To the contrary, given that any Circuit finding will involve a new legal theory not tested before this Court dependent on facts not presented before this Court, any outcome of the interlocutory appeal will not dispositively resolve anything.

Even Defendants implicitly admit this. All Defendants claim is that the D.C. Circuit might offer "significant guidance" on whether "a nonresident alien residing abroad may invoke the protections of the First Amendment based on alleged substantial connections to the United States." Mot.4. But even assuming that guidance were eventually forthcoming, it would not be dispositive, even of the First Amendment issues.

Plaintiffs' complaint pled eight statutory and constitutional grounds for relief. This Court expressly did not reach two of Plaintiffs' statutory claims, Dkt. 48 at 15, which could each resolve this case without any constitutional adjudication at all. And Plaintiffs' challenges under the Fourth and Fifth Amendment to the sanctions' seizure of the Plaintiffs' family home present "no extraterritorial application of the Bill of Rights." Statement of Katsas, J., at 8–9, No. 26-5172 (D.C. Cir. June 15, 2026). Even if Defendants prevail, therefore, the Circuit's decision will not resolve, or even offer "guidance" on, how this Court should evaluate these other grounds. Defendants have now moved to dismiss all these grounds. Dkt 63. And they have given this Court no sound reason to indefinitely defer adjudicating them on the merits.

Even on the First Amendment ground, whatever "guidance" the Circuit might offer will be, at best, tentative and advisory. "The findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits," *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981), and "[t]he decision of a trial or appellate court whether to grant or deny a preliminary injunction does not constitute the law of the case for the purposes of further proceedings and does not limit or preclude the parties from litigating the merits." *Berrigan v. Sigler*, 499 F.2d 514, 518 (D.C. Cir. 1974); *see Lackey v. Stinnie*, 604 U.S. 192 (2025). An appellate ruling on a preliminary injunction becomes law of the case only where it was "a definitive, fully considered legal decision based on a fully developed factual record" reached after "full briefing and argument without unusual time constraints." *Sherley v. Sebelius*, 689 F.3d 776, 782 (D.C. Cir. 2012). The "guidance" Defendants are hoping for, by contrast, will rest on an appellate decision that lacks either the benefit of a fully considered legal decision from this Court, or a fully developed record.

When litigating the preliminary injunction, the parties and this Court all proceeded on the shared presumption that, under the law of this Circuit, Albanese's First Amendment rights rested on the extent of her substantial connections to the United States. Mem. Op. (Dkt. 48) at 15–18 (collecting cases); *see United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990); *Jifry v. FAA*, 370 F.3d 1174, 1182–83 (D.C. Cir. 2004); *People's Mojahedin Org. of Iran v. Dep't of State*, 327 F.3d 1238, 1241 (D.C. Cir. 2003); *Nat'l Council of Resistance of Iran v. Dep't of State*, 251 F.3d 192, 201–02 (D.C. Cir. 2001). Defendants therefore argued that "a foreign national is not entitled to constitutional protection absent substantial connections to the United States" and that "Albanese does not have the requisite 'substantial connections.'" Dkt. 26 at 26.

To be sure, Defendants contended (without citation or specificity) that none of the expression for which Albanese was sanctioned took place in the United States and, as Judge Katsas noted, this Court "resolved the preliminary-injunction motion on the premise that this case turns on speech by an alien outside the United States." Statement of Katsas, J., at 5, No. 26-5172 (D.C. Cir. June 15, 2026). But that factual premise, which now underlies Defendants' whole appeal, was never adjudicated by this Court because Defendants never contended that the location of Albanese's speech was dispositive. Instead, they treated it as one factor among many in the substantial-connections inquiry. Indeed, when pressed on the point at the hearing, Defendants expressly asked this Court to look holistically at the facts to determine whether Albanese's connections to the United States were substantial enough:

| | |
|---|---|
| THE COURT: | Well, she has a house here. |
| MR. HAMILTON: | She has a – |
| THE COURT: | Here in D.C. |
| MR. HAMILTON: | She does have a real property asset in the United States. |
| THE COURT: | And she has a daughter who is a citizen. |
| MR. HAMILTON: | Correct. |
| THE COURT: | So that's two connections. |
| MR. HAMILTON: | Yes, but having a citizen child and having a real property asset in the United States don't come close to becoming a license for our First Amendment Rights. And in addition – |
| THE COURT: | Has any court ever said that? |
| MR. HAMILTON: | No. The D.C. Circuit and plaintiffs agree that there isn't really a bright-line test that the D.C. Circuit has articulated. They say on Page 7 of their reply brief that *the test is fact-dependent and case-by-case and we agree*. |

H'rg Tr. (Dkt. 35), at 21-22 (emphasis added).

To the extent "guidance" on the substantial-connections test is now needed, it is only because Defendants changed their position when seeking a stay in the D.C. Circuit and then faulted this Court for applying the very "fact-dependent and case-by-case" test that it asked this Court to apply.

Before the Circuit, Defendants insisted that this Court "erred in thinking that a foreign national outside the United States may claim protection under the First Amendment if she has substantial-enough connections to the United States." Defendants' Stay Mot. at 16, No. 26-5172 (D.C. Cir. June 30, 2026). In pressing that new position, Defendants offered an extensive revisionist interpretation of key Supreme Court precedents that was never made to this Court, and to which Plaintiffs have never had a meaningful opportunity to respond. What is more, as their motion to dismiss makes clear, Defendants' new place-of-the-speech theory requires the development of a factual record that neither they nor Plaintiffs have had the opportunity to develop. To the extent Plaintiffs must now show the substantial connections between the speech that led Albanese to be sanctioned and the United States, Plaintiffs are fully prepared to do so once Defendants provide the administrative record that Plaintiffs have requested since January and identify precisely what speech prompted Defendants to impose sanctions.

Defendants have given this Court no reason why they need a ruling on their interlocutory appeal to litigate this case and no explanation for how it will be decisive to the outcome. Judicial economy will be poorly served by staying this case in the hopes of obtaining "significant guidance," Mot. 1, from an appeal about a superseded order, on a record Defendants and Judge Katsas have described as undeveloped, Defendants' Reply ISO Mot. for Stay Pending Appeal at 8, No. 26-5172 (D.C. Cir. June 1, 2026); Dkt 59 at 7, addressed to only one claim raised in the

complaint. If Defendants genuinely care about judicial economy and are confident that they will prevail on the merits, they should share Plaintiffs' desire to have this case proceed expeditiously to final judgment with a complete record and full briefing. A "highly speculative" claim that an interlocutory appeal would "provide substantial guidance to this Court going forward" is not a legitimate basis for an indefinite stay. *Wrenn*, 179 F. Supp. 3d at 137.

**III. Defendants Show No Hardship, and the Equities Run Entirely the Other Way.**

"The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708. Where, as here, a stay threatens "damage to some one else," the movant must show "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Defendants never identify one. Their 12(b) motion to dismiss is filed. And Plaintiffs stand ready to answer it on the briefing schedule that Defendants themselves asked this Court to impose. Dkt.57.

Defendants seek a stay pending the outcome of appellate "litigation of indefinite duration." *Belize Social Development Ltd. v. Government of Belize*, 668 F.3d 724, 733 (D.C. Cir. 2012). But "a district court's issuance of an indefinite stay order must be supported by a balanced finding that such need overrides the injury to the party being stayed." *Id*. at 732 (quotation marks omitted). A stay "of indefinite duration in the absence of a pressing need" is an abuse of discretion, *id.* at 731–32 (quoting *Landis*, 299 U.S. at 255), and a stay keyed to an unscheduled, unexpedited appeal has no limits "susceptible of prevision and description." *Landis*, 299 U.S. at 257. Defendants do not say when their stay would end because they cannot.

On the other side of the balance sit "concrete, irreparable harms" that Plaintiffs suffer every day the sanctions remain in effect. Dkt. 55 at 3. The D.C. Circuit's stay permits Defendants to "implement and enforce" the sanctions on Albanese and her family in full, subject only to the ineffectual OFAC licenses. Order of June 15, 2026, at 2. A stay must rest on "a balanced finding

that such need overrides the injury to the parties being stayed," a balancing that "is of particular importance where the claim being stayed involves a not insubstantial claim of present and continuing infringement of constitutional rights." *Dellinger*, 442 F.2d at 787.

"[U]ndue delay" itself is also a harm. *Belize,* 668 F.3d at 732. Plaintiffs have the right to have their case litigated on the merits. Delay "increase[s] the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts." *Clinton*, 520 U.S. at 707–08. And Defendants' accusation of "gamesmanship," Mot. 7, answers itself. A party that fought for and won a stay of this Court's injunction, but opposes dissolving that very injunction, and then moves to indefinitely stay the resolution of this case is not the behavior of a party seeking "the ordinary course of appellate review." Mot. 2.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion to stay proceedings so that this case can move promptly to final judgment.

Dated: July 24, 2026

Respectfully submitted,

*/s/ Michel Paradis*
Michel Paradis (D.C. Bar No. 499690)
Jason Wright (D.C. Bar No. 1029983)
Patrick Fields (Texas Bar No. 24146721)*
Scott Johnston (D.C. Bar No. 90019285)*
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
mparadis@steptoe.com
jwright@steptoe.com
pfields@steptoe.com
scjohnston@steptoe.com
Telephone: (212) 506-3900
Facsimile: (202) 429-3902

*Attorneys for Plaintiffs*

* admitted *pro hac vice*